EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>José A. Custodio Colón<br><br>Recurrido | Certiorari<br><br>2015 TSPR 27<br><br>192 DPR \_\_\_\_ |

Número del Caso: CC-2011-1013


Fecha: 19 de marzo de 2015


Oficina del Procurador General:

      Lcdo. Luis Román Negrón
      Procurador General

      Lcdo. Juan B. Ruiz Hernández
      Procurador General Auxiliar


Abogada de la Parte Recurrida:

      Lcdo. Juan Ramón Torres Rivera


Materia: Derecho Constitucional y Procedimiento Criminal– Justa Causa para la extensión del término de juicio rápido; descubrimiento de prueba bajo la Regla 95 de Procedimiento Criminal.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

       v.

                                        *Certiorari*

José A. Custodio Colón       CC-2011-1013

     Recurrido

Opinión del Tribunal emitida por la Jueza Presidenta SEÑORA FIOL MATTA

En San Juan, Puerto Rico, a 19 de marzo de 2015.

Nos corresponde resolver si erró el Tribunal de Apelaciones al no expedir un *certiorari* para revocar la decisión del Tribunal de Primera Instancia que desestimó la acusación en contra del señor José A. Custodio Colón al encontrar que se violó su derecho constitucional a un juicio rápido. Por entender que incidió el Tribunal de Apelaciones, se revoca la Resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos.

Los hechos de este caso son propicios para reiterar los criterios jurisprudenciales que nos permiten conciliar los intereses sociales fundamentales presentes en todo proceso criminal:

asegurar al acusado o acusada de delito que el procedimiento criminal en su contra será rápido y justo, minimizando de esta forma sus ansiedades y reduciendo las posibilidades de que su defensa se afecte, y atender, a la vez, el interés de la sociedad en que se procese con prontitud a las personas acusadas de violentar sus leyes, evitando que las demoras indebidas afecten la capacidad del Estado para encausar a los acusados de delito.[1]

## I.

Conforme la denuncia radicada por el Ministerio Público, el 16 de enero de 2010 el señor José A. Custodio Colón conducía su automóvil por la Avenida Baramaya en el Municipio de Ponce, negligentemente y bajo los efectos de bebidas embriagantes. Por ello perdió el control de su vehículo provocando un accidente en el que murió el señor Charles Maldonado Colón. Por estos hechos, el Ministerio Público le radicó un cargo bajo el Artículo 109 del Código Penal de Puerto Rico.[2] La vista de causa para arresto se celebró el 13 de enero de 2011, fecha en que se presentó la denuncia y se le impuso una fianza de $5,000.00 la cual prestó a través de la Oficina de Asuntos con Antelación al

---

[1] *Véase*, *Pueblo de Puerto Rico v. García Vega*, 186 DPR 592, 606 – 607 (2012).

[2] 33 LPRA § 4737. En su tercer párrafo, este artículo tipifica como delito grave de segundo grado el ocasionar la muerte a otra persona por negligencia mientras se conduce un vehículo de motor bajo los efectos de bebidas embriagantes o sustancias controladas.

Juicio (OSAJ).[3] El 7 de abril de 2011 se celebró la vista preliminar, encontrándose causa probable para acusar al señor Custodio Colón del delito imputado.[4]

El recurrido quedó bajo supervisión electrónica, con permiso para trabajar de 6:00 am a 4:30 pm de lunes a viernes y restricción domiciliaria de 24 horas los sábados y domingos. La acusación se presentó el 13 de abril de 2011 y el juicio en su fondo quedó señalado para el 20 de mayo de 2011. Sin embargo, durante la vista de lectura de acusación, el Tribunal de Primera Instancia, a solicitud de las partes, movió la fecha del juicio para el 7 de junio de 2011.

Así las cosas, el 20 de mayo de 2011 la defensa del señor Custodio Colón presentó una moción al amparo de la Regla 95 de las de Procedimiento Criminal[5] solicitando del Ministerio Público el descubrimiento de prueba concerniente a los hechos alegados en la acusación. La moción, de unas 11 páginas, solicitaba una gran cantidad de información. En total, la defensa del señor Custodio Colón requirió de la Fiscalía 146 documentos, los cuáles se multiplican por cada una de las personas que participaron en la investigación de los hechos de quienes también se requirió

---

[3] Anejo III, a la página 23.

[4] La vista preliminar había sido señalada originalmente para el 27 de enero de 2011, pero llegada esta fecha la defensa del señor Custodio Colón alegó no estar preparada, razón por la cual la vista fue re-señalada.

[5] 34 LPRA Ap. II, R. 95.

información. Entre los documentos solicitados por la defensa se encuentran: información detallada de los agentes de la policía que intervinieron en el accidente incluyendo su preparación académica, la fecha de su ingreso a la policía estatal y/o municipal y, si es agente de la división de tránsito, la fecha en que fue asignado a esa división; un listado de las certificaciones y adiestramientos relacionados con asuntos de tránsito y pruebas de embriaguez así como copia de las certificaciones que obtuvo con las calificaciones y hasta el nombre de los recursos que dieron las clases; la factura y orden de compra con recibo de pago relacionado a la compra del Intoxilizer 5000 que se utilizó con el imputado; mapas y fotos aéreas de la Avenida Baramaya en Ponce que estuvieran en posesión de diferentes agencias del gobierno, así como los permisos de construcción de la misma, endosos, estudios ambientales, plano de agrimensura, etc.; mapas y fotos aéreas de la Urbanización Hacienda la Matilde en Ponce, cuyas entradas coincidan con la Avenida Baramaya y que estén en posesión de diferentes agencias de gobierno; copia de la hoja de bitácora de los vehículos oficiales y de emergencias, incluyendo ambulancias, utilizados el día de los hechos para transportar a cualquier persona relacionada con los hechos; evidencia de la compra de combustible de la patrulla del agente investigador con detalle de fecha, hora, firma y nombre del comprador, así como el nombre, dirección y teléfono de la estación de

gasolina, entre muchos otros documentos.[6] Además, el señor Custodio Colón solicitó una certificación del Departamento de Transportación y Obras Públicas sobre la cantidad de carriles de vía franca, paradas de emergencia, señales de tránsito, rótulos, etc., de la avenida Baramaya.[7]

Mediante orden de 3 de junio de 2011, el Tribunal de Primera Instancia ordenó escuetamente al Ministerio Público contestar los requerimientos de la defensa. El 7 de junio de 2011, en la vista señalada para el juicio en su fondo, la defensa del señor Custodio Colón expresó que el Ministerio Público aún no había contestado su requerimiento de prueba. A preguntas del tribunal, la defensa del señor Custodio Colón declaró no tener ninguna prueba que descubrir al Ministerio Público en contestación a la solicitud de prueba que éste realizara al amparo de la Regla 95-A de Procedimiento Criminal.[8] Por su parte, el fiscal señaló que el caso no le correspondía sino que había comparecido porque el fiscal asignado al mismo estaba de turno atendiendo unas escenas de delito en el área de Ponce. Por esta razón solicitó un término adicional de 20 días para contestar el requerimiento de la defensa. El tribunal accedió a la solicitud, pero advirtió que estaba corriendo el término de 120 días impuesto por las Reglas de

---

[6] Anejo XIII, a la página 43.

[7] Anejo XIII, a las páginas 46 – 47.

[8] 34 LPRA Ap. II, R. 95-A. El Ministerio Público solicitó descubrimiento de prueba del acusado mediante moción del día 20 de febrero de 2011.

Procedimiento Criminal para la celebración del juicio, término que expiraría el 13 de agosto de 2011. Así las cosas, señaló vista de conferencia con antelación a juicio para el 19 de julio de 2011.

A la vista de 19 de julio de 2011 comparecieron las partes nuevamente. En esta ocasión, el Ministerio Público expresó al tribunal que a esa fecha no había podido completar el descubrimiento de prueba "debido a la extensa solicitud de la defensa".[9] Además, alegó la Fiscalía que no había recibido la solicitud de descubrimiento de prueba a tiempo y por esta razón se había atrasado el proceso.[10] Por su parte, la defensa del señor Custodio Colón expuso que el descubrimiento de prueba extenso era necesario ya que pensaba contratar un perito para que testificara el día del juicio. Sin embargo, no anunció el nombre del perito ni sobre qué materia testificaría. El tribunal volvió a recordar a las partes que los términos de juicio rápido vencerían el 13 de agosto de 2011[11] y si el Ministerio Público no terminaba de entregar la prueba solicitada podría tomar la determinación de no admitirla en evidencia.

_____

[9] Anejo XIX, pág. 54.

[10] Del expediente surge evidencia de que la defensa envió a la Fiscalía de Ponce copia de la solicitud de descubrimiento de prueba mediante correo certificado el día 17 de mayo de 2011. Sin embargo, el Ministerio Público alegó nunca haberla recibido y que tuvo que solicitar copia de la misma en la Secretaría del Tribunal de Primera Instancia.

[11] En realidad, el término de juicio rápido vencería el 11 de agosto de 2011.

Se señaló una nueva vista de conferencia con antelación a juicio para el 1 de agosto de 2011.

El día siguiente a la celebración de la vista, el Ministerio Público entregó gran parte de la prueba solicitada por la defensa del señor Custodio Colón y objetó otra por impertinente, onerosa y hostigante.[12] En respuesta, el 28 de julio de 2011 la defensa del señor Custodio Colón sometió una moción explicando la pertinencia y necesidad de la prueba solicitada y señaló los requerimientos de prueba que el Ministerio Público no había contestado o había contestado inadecuadamente. Nuevamente, la defensa del señor Custodio Colón alegó que esta prueba era necesaria para la evaluación pericial que estaba considerando utilizar.

Llegado el 1 de agosto de 2011, la defensa del señor Custodio Colón informó que aún no se había completado el descubrimiento de prueba. El Ministerio Público argumentó que ese mismo día se le había notificado una moción informativa de la Defensa en la cual alegadamente se hacían nuevos requerimientos de prueba. En ese momento la Fiscalía solicitó que se emitieran órdenes protectoras ya que el descubrimiento requerido era demasiado extenso, oneroso y hostigante. También solicitó que se le ordenara a la Defensa contestar su moción bajo Regla 95-A. La defensa del señor Custodio Colón volvió a insistir en la necesidad del extenso descubrimiento solicitado amparado en que

---

[12] *Ver*, Anejo XXIII, pág. 71.

utilizaría a un perito en el caso, nuevamente sin anunciar el nombre del perito, sus cualificaciones y sobre qué aspectos testificaría.[13]

Ante la controversia causada por el descubrimiento de prueba, el tribunal decidió discutir la solicitud de la defensa del señor Custodio Colón punto por punto. Sin embargo, no pudo terminar en esa ocasión, así que señaló otra vista de conferencia con antelación a juicio para el 9 de agosto de 2011.

El día de la continuación de la vista, el tribunal prosiguió su evaluación de cada uno de los requerimientos presentados por la defensa. En esta ocasión, el abogado del señor Custodio Colón argumentó que los términos de juicio rápido no se cumplirían porque el Ministerio Público no había completado el descubrimiento de prueba solicitado. El Ministerio Público replicó que el descubrimiento solicitado era extenso, opresivo y hostigante y que las dilaciones, si alguna, habían sido provocadas por la propia defensa. El tribunal expresó en corte abierta que "…dada la extensión de la moción del abogado [de la defensa del señor Custodio Colón], sería en su momento justa causa para la extensión de términos".[14] Por segunda ocasión el foro primario no pudo terminar de discutir todos los

---

[13] De hecho, en la moción al amparo de la Regla 95-A, *supra*, que radicó el Ministerio Público, se solicita, en el acápite (i), que la defensa descubra "[c]ualquier nombre de perito y sus cualificaciones". *Ver*, Anejo XXII.

[14] Minuta de la Vista de 9 de agosto de 2011, Anejo XXVIII. A la vista compareció el acusado, asistido por su abogado.

requerimientos de prueba solicitados por la defensa, así que citó para una tercera vista de conferencia con antelación a juicio para el día 16 de agosto de 2011. Esta fecha se encontraba fuera de los términos de juicio rápido establecidos por la Regla 64(n)(4) de Procedimiento Criminal, sin embargo, ni el acusado ni su abogado objetaron la misma.[15]

El día 15 de agosto de 2011, el Ministerio Público presentó una moción suplementaria sobre el descubrimiento de prueba solicitado. En este escrito explicó que nunca recibió la moción en solicitud de descubrimiento de prueba que radicó la defensa el 20 de mayo de 2011, por lo cual tuvo que solicitarla en la Secretaría del tribunal, que le entregó una copia a la que le faltaban 3 páginas. Luego procedió a contestar los requerimientos que quedaron incompletos y a objetar otros por entender que excedían el mandato de la Regla 95, *supra*, y que eran opresivos y hostigantes.

Finalmente, el día 16 de agosto de 2011 el tribunal abrió sala y continuó con el proceso de discutir punto por punto la solicitud de descubrimiento del señor Custodio Colón. Sin embargo, la Defensa señaló que, antes de entrar a discutir la controversia sobre el descubrimiento de prueba, quería traer a la atención del tribunal el asunto de la violación de los términos de juicio rápido. Inició su argumentación con un recuento del trámite procesal del

---

[15] *Íd.*

caso y argumentó que el Ministerio Público fue negligente durante el descubrimiento de prueba. Argumentó que hasta ese día, el número 125 desde que se presentó la acusación el 13 de abril de 2011, aún no se había completado el descubrimiento de prueba y que había transcurrido un término en exceso de lo establecido en la Regla 64(n)(4) de las de Procedimiento Criminal, *supra*, para celebrar el juicio. Por esta razón, la Defensa solicitó la desestimación de la acusación en contra del señor Custodio Colón.

El Ministerio Público replicó y argumentó que las dilaciones se debían a los propios actos de la Defensa y a que ésta había solicitado un descubrimiento de prueba que excedía el texto de la Regla 95 de Procedimiento Criminal, *supra*. Argumentó que el propio tribunal había tenido la oportunidad de corroborar que lo solicitado era oneroso y opresivo, al haber señalado tres vistas de conferencia con antelación al juicio y aún así no poder discutir todos los requerimientos de la Defensa.

El Tribunal de Primera Instancia procedió a hacer un recuento de los eventos procesales del caso. En primer lugar, el tribunal analizó el criterio de duración de la tardanza. Estableció que "[s]i el pliego acusatorio se radicó desde el 13 de abril de 2011 y la defensa no ha renunciado a su derecho a juicio rápido en el día de hoy ni en ningún momento estando en el día 125, el primer criterio

que es duración de la tardanza se da".[16]  Luego analizó si existía justa causa para la dilación y determinó que el Ministerio Público no había podido demostrar justa causa para no haber completado el descubrimiento de prueba solicitado por la Defensa y ordenado por el tribunal.  El tribunal no se expresó con claridad sobre el perjuicio, si alguno, que pudo haber causado la dilación y encontró probado que el señor Custodio Colón había invocado oportunamente su derecho a juicio rápido. Finalmente, el tribunal decretó la desestimación de la acusación en contra del acusado.

Inconforme con la decisión del tribunal sentenciador, el Ministerio Publico acudió en *certiorari* ante el Tribunal de Apelaciones.  Alegó que cometió error el Tribunal de Primera Instancia al decretar la desestimación de la acusación por violación de los términos de juicio rápido ya que la dilación no fue irrazonable, intencional u opresiva a la defensa del acusado.  El Tribunal de Apelaciones rechazó acoger el recurso de *certiorari* que presentó el Pueblo de Puerto Rico. Fundamentó su decisión en que habían transcurrido más de 120 días desde la radicación de la acusación contra el señor Custodio Colón, que es el término para celebrar el juicio en su fondo según lo ordena la Regla 64(n)(4) de Procedimiento Criminal,[17] y que el

---

[16] Minuta de la vista de 16 de agosto de 2011, Anejo II.

[17] 34 LPRA Ap. II, R. 64(n)(4).

Ministerio Público no justificó los motivos para la tardanza. Expresó el foro apelativo que "[d]icha dilación obedeció exclusivamente a que el Ministerio Público no completó el descubrimiento de prueba en tiempo".[18]

De esta determinación recurre ante este Tribunal el Pueblo de Puerto Rico y señala que el Tribunal de Apelaciones erró "…al confirmar al Tribunal de Primera Instancia, en razón de que procedía desestimar la [sic] acusaciones contra el Sr. José A. Custodio Colón al amparo de la Regla 64(N)(4) de Procedimiento Criminal, aun cuando la demora en celebrar el juicio no fue irrazonable, intencional u opresiva a la defensa del acusado".[19] Decidimos expedir el auto solicitado. Ambas partes sometieron por escrito sus posiciones, por lo que, luego de un examen meticuloso del expediente del caso ante este Tribunal, procedemos a resolver la controversia planteada.

II.

Para analizar la controversia que nos presenta este caso, es necesario examinar dos derechos fundamentales que asisten a un imputado de delito en nuestro ordenamiento procesal criminal. Nos referimos, claro está, al derecho constitucional a un juicio rápido y al derecho a preparar y presentar una defensa adecuada, ambos consagrados en el Artículo II, sección 11 de la Constitución del Estado Libre

_____

[18] Resolución del Tribunal de Apelaciones, Anejo I, pág. 15.

[19] Petición de *Certiorari*, pág. 9.

Asociado.[20] Estos derechos fueron reconocidos por el legislador, quien les dio un contenido práctico en el contexto de las Reglas de Procedimiento Criminal.[21] El análisis de la interrelación de ambos derechos nos requiere realizar un cuidadoso balance para que no se vean afectados, por un lado, el interés individual a no ser sometido por un extenso periodo de tiempo a los rigores de un procedimiento penal sin que exista una razón justificada para ello, y por el otro, el interés del Estado en garantizar la seguridad pública.[22] Como expresamos en *Pueblo v. Carrión Rivera*, el derecho a juicio rápido no está del todo determinado y es en parte variable y flexible ya que pretende salvaguardar tanto el orden público como la libertad individual.[23] Así, "[el derecho a juicio rápido] garantiza los derechos del acusado, pero no excluye los

---

[20] "En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia". Art. II, §11 Const. ELA.

[21] 34 LPRA Ap., II.

[22] En *Pueblo v. Pérez Pou*, 175 DPR 218, 241 – 242 (2009) expresamos lo siguiente sobre el interés dual que busca proteger el derecho a juicio rápido: "Así pues, el derecho a un juicio rápido es un derecho fundamental del acusado que dimana, …, de la necesidad de una buena administración del sistema de justicia criminal para evitar la demora indebida de los procesos penales y fomentar la diligencia del Ministerio Público".

[23] 159 DPR 633, 640 (2003). *Véase* Olga E. Resumil, Derecho Procesal Penal, Butterworth Legal Publishers, T. 2, § 25.2, pág. 245.

derechos de la justicia pública".[24] Nuestra sociedad tiene un interés vigoroso en evitar la demora en los procesos criminales contra personas acusadas de violentar sus leyes.[25] Con el objetivo bien delineado de realizar un justo balance entre tan importantes intereses, entremos en la discusión de las normas que rigen la presente controversia.

A.

El derecho a juicio rápido está consagrado, como ya vimos, en nuestra Carta Magna.[26] El legislador estableció el alcance de este derecho fundamental, prescribiendo los límites que entendió constitucionalmente razonables para proteger este derecho y darle sentido práctico. A estos efectos, la Regla 64(n) de Procedimiento Criminal, *supra*, establece cuáles son los términos de juicio rápido que rigen en cada una de las diferentes etapas del proceso penal.[27] Hemos reiterado en un sinnúmero de ocasiones que este derecho se activa una vez el ciudadano está sujeto a responder, esto es, desde que el juez determina causa probable para arrestar, citar o detener a una persona por haber sido acusado de cometer un delito: "Es decir, esta protección constitucional se activa cuando se pone en

---

[24] *Pueblo v. González Rivera*, 132 DPR 517 (1993), citado en *Pueblo v. Carrión Rivera*, *supra*.

[25] Resumil, *supra*, § 25.4, pág. 247.

[26] *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *Pueblo v. Valdés Medina*, 155 DPR 781 (2001); *Pueblo v. Candelaria*, 148 DPR 591 (1999).

[27] *Pueblo v. García Colón*, 182 DPR 129 (2011); *Pueblo v. Thompson Faberllé*, 180 DPR 497 (2010).

movimiento el mecanismo procesal, que puede culminar en una convicción, cuyo efecto legal es obligar a la persona imputada a responder por la comisión del delito que se le atribuye".[28] En lo pertinente al caso ante nuestra consideración, la Regla 64(n)(4) de Procedimiento Criminal, *supra*, expone:

> La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
> …
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
> …
> (4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.

Sin embargo, este Tribunal ha reiterado en múltiples ocasiones que el derecho a juicio rápido no es una protección absoluta para el acusado ni opera en un vacío. Tal y como señala Resumil, el derecho a juicio rápido se enmarca en el Debido Proceso de Ley y la normativa estatal que gobierna los procedimientos criminales.[29] Esto significa que el derecho a juicio rápido requiere que el tribunal tome en consideración las circunstancias específicas que

---

[28] *Pueblo v. Valdés Medina*, *supra*, pág. 788. *Véase además*, *Pueblo v. García Vega*, 186 DPR 592 (2012); *Pueblo v. García Colón*, *supra*; *Pueblo v. Rivera Santiago*, *supra*; *Pueblo v. Miró González*, 133 DPR 813, 821 (1993).

[29] Resumil, *supra*, § 25.2, pág. 245.

rodean el reclamo del acusado; no es incompatible el derecho a juicio rápido con cierta demora del procedimiento criminal.[30] Así, en *Pueblo v. Santa Cruz*,[31] reiteramos que ni los intereses de la sociedad en juzgar a un imputado de delito, ni los derechos del acusado, son prisioneros de una tiesa regla o cálculo aritmético desvinculado de toda circunstancia o situación fáctica: "Hay elementos de justa causa para la demora que reconcilian el derecho a juicio rápido con las circunstancias reales de cada caso y los derechos del acusado han de atemperarse a la administración práctica de justicia".[32] Por lo tanto, ante un reclamo de violación a los términos de juicio rápido, un tribunal debe, según ordenado por la propia Regla 64(n) de Procedimiento Criminal, *supra*, determinar si existe justa causa para la demora, o si la misma se debió a la solicitud del acusado o a su consentimiento.[33] En torno a la renuncia del acusado a su derecho a juicio rápido, hemos establecido que la misma debe ser expresa y no conjetural o inferida, voluntaria y realizada con pleno conocimiento de las

---

[30] *Pueblo v. Reyes Herrans*, 105 DPR 658, 660 (1977); *Pueblo v. De Jesús Rivera*, 157 DPR 136, 146 (2002); reiterados ambos en *Pueblo v. Rivera Santiago*, *supra*.

[31] 149 DPR 223, 238 (1999), citando a *Pueblo v. Rivera Colón*, 119 DPR 315, 322 (1987).

[32] *Íd*.

[33] *Pueblo v. Santa Cruz*, *supra*; *Pueblo v. Carrión Rivera*, *supra*; *Pueblo v. Rodríguez Santana*, 146 DPR 860 (1998); *Pueblo v. Montezuma Martínez*, 105 DPR 710, 712 (1977).

consecuencias de la renuncia.[34] Esto, por tratarse de una renuncia a un derecho consagrado en nuestra Constitución.[35] Sin embargo, "[a] pesar de que los derechos constitucionales no deben entenderse presuntamente renunciados, si se trata de una táctica dilatoria en busca de ventaja para el acusado, la ausencia de objeción oportuna puede constituir una renuncia al derecho."[36]

Nuestra jurisprudencia ha definido unos criterios para guiar la discreción de un tribunal en su determinación sobre si en efecto se le violó al acusado su derecho a juicio rápido o si existía justa causa para la dilación. En *Pueblo v. Rivera Tirado*[37] acogimos el análisis de cuatro criterios diseñado por el Tribunal Supremo de los Estados Unidos en *Barker v. Wingo*,[38] reiterado luego en *Solem v. Helm*.[39] Según dicho análisis, los cuatro criterios que rigen la determinación del tribunal son: 1) duración de la

---

[34] *Pueblo v. Rivera Santiago*, *supra*; *Pueblo v. Rivera Arroyo*, 120 DPR 114, 120 (1987) [...por tratarse de un derecho fundamental la renuncia al mismo debe ser expresa y no presunta, voluntaria y efectuada con pleno conocimiento de causa].

[35] *Íd.*

[36] Resumil, *supra*, § 25.8, pág. 275. Señala Resumil que este Tribunal expresó, en el caso de *Pueblo v. Santi Ortíz*, 106 DPR 67 (1977), que "[a]l percatarse un abogado de que el nuevo señalamiento viola el plazo... y permanecer callado para luego invocarlo para beneficio de su cliente habiéndose vencido el plazo, es una estratagema que no debe derrotar el derecho del Estado a que se le celebre juicio al acusado".

[37] 117 DPR 419 (1986).

[38] 407 U.S. 514 (1972).

[39] 463 U.S. 277 (1983).

tardanza; 2) razones para la dilación; 3) si el acusado ha invocado oportunamente su derecho, y 4) el perjuicio resultante de la tardanza para el acusado.[40] Sobre este análisis, hemos dicho que "…ninguno de estos criterios es determinante en la adjudicación del reclamo; el peso que a cada uno de éstos se le confiera está supeditado a las demás circunstancias relevantes que el tribunal viene obligado a examinar".[41] Por la naturaleza variable y flexible del derecho a juicio rápido, la determinación de qué constituye justa causa bajo la Regla 64(n) de Procedimiento Criminal, *supra*, es algo que debe realizarse caso a caso y a la luz de la totalidad de las circunstancias. Por esa razón, reiteramos que:

> [l]a mera inobservancia del término –sin más– *no* necesariamente constituye una violación al derecho a juicio rápido, *ni* conlleva la desestimación de la denuncia o la acusación. [Cita omitida] Una dilación mínima es requisito de umbral para que un planteamiento de violación a juicio rápido progrese; *no obstante, el remedio extremo de la desestimación sólo debe concederse luego de efectuado un análisis ponderado del balance de criterios antes esbozados. … Más bien, al momento de evaluar este criterio, debe prestarse especial énfasis en determinar si la demora fue intencional y opresiva…*[42]

Por último, el perjuicio que alegue el acusado como

---

[40] *Pueblo v. Rivera Tirado*, *supra*, pág. 433. Reiterado recientemente en *Pueblo v. Rivera Santiago*, *supra*, pág. 574. *Véase además*, *Pueblo v. García Vega*, *supra*.

[41] *Pueblo v. Valdés Medina*, *supra*, pág. 792; *Pueblo v. Rivera Tirado*, *supra*, pág. 433.

[42] *Pueblo v. Valdés Medina*, *supra*, pág. 793. Itálicas en original.

producto de una violación a su derecho a juicio rápido no puede ser algo abstracto ni estar apoyado únicamente en un simple cálculo matemático.   El perjuicio reclamado tiene que ser real y sustancial.[43]  Además,

> …corresponde al acusado establecer el perjuicio sufrido con la dilación, obligación que no se descarga con generalidades.  Esto es distinto a las razones o justa causa para la dilación, donde es el ministerio fiscal o el gobierno quien tiene que persuadir al Tribunal, al menos cuando la dilación o suspensión es atribuible a conducta del gobierno.[44]

### B.

Como señalamos anteriormente, para atender esta controversia debemos también analizar otro derecho de cardinal importancia para nuestro ordenamiento procesal criminal. Se trata del derecho constitucional del acusado a preparar una defensa adecuada. Este Tribunal ha reconocido el carácter fundamental del derecho de un acusado a obtener, mediante el descubrimiento de prueba, evidencia que pueda demostrar su inocencia o favorecerle.[45] Por esta razón, el derecho al descubrimiento de prueba es consustancial con el derecho de todo acusado a presentar una defensa adecuada en un proceso criminal.[46]

---

[43] Ernesto L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, pág. 153. Véase, *Pueblo v. Rivera Tirado*, *supra*, pág. 438.

[44] Ernesto L. Chiesa, *supra*.

[45] *Pueblo v. Valdés Medina*, *supra*, pág. 231.

[46] *Íd.*

Estatutariamente, este derecho está regido por la Regla 95 de Procedimiento Criminal.[47] Las Leyes Núm. 124 de 24 de junio de 2012 y Núm. 90 de 30 de julio de 2013, incluyeron enmiendas a la Regla 95 que no estaban vigentes cuando sucedieron los hechos de este caso.[48] Sin embargo, hay que aclarar que en lo que respecta al alcance del descubrimiento permitido por la Regla 95, que es lo que atendemos en este caso, el texto de la misma permaneció inalterado.

Para la fecha de los hechos, la Regla 95 de Procedimiento Criminal disponía que, a petición del acusado sometida en cualquier momento después de presentada la denuncia o acusación, el tribunal ordenaría al Ministerio Fiscal que permitiera al acusado inspeccionar, copiar o fotocopiar material que se encontrara en posesión, control o custodia de la fiscalía. Entre los documentos u objetos que puede solicitar el acusado al Ministerio Público al amparo de dicha regla se incluyen los siguientes:

> (1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.
> (2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio

---

[47] 34 LPRA Ap. II, R. 95. *Véase* *Pueblo v. Santa Cruz*, *supra*, pág. 231.

[48] Estas leyes establecieron un término jurisdiccional de 20 días para presentar la solicitud de descubrimiento de prueba, contados desde que se presenta la acusación o denuncia; también enmendaron el lenguaje del párrafo introductorio de la Regla 95 de manera general.

Fiscal y los récords de convicciones criminales previas de éstos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

(5) El récord de convicciones criminales previas del acusado.

(6) Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado.[49]

Además de los documentos y objetos antes mencionados, la Regla 95, *supra*, le impone al Ministerio Público la obligación de entregar a la defensa toda evidencia exculpatoria que éste tenga bajo su control e informar al tribunal si alguna parte de la información solicitada no se encuentra en su poder para que de este modo se puedan emitir las órdenes que sean necesarias para obtener dicha información.[50]

Sobre la extensión del mecanismo ofrecido por la Regla 95 de Procedimiento Criminal, hemos expresado en múltiples ocasiones que no se trata de un derecho absoluto del acusado, sino que descansa en la sana discreción del

---

[49] *Íd*.

[50] Regla 95(b) y (c), *supra*.

tribunal que debe considerar ciertos elementos al realizar un balance entre los derechos del acusado y el interés del Estado.[51]  En *Pueblo v. Tribunal Superior*[52] expresamos lo siguiente sobre los elementos que debe considerar un tribunal al ordenar un descubrimiento de prueba al amparo de la Regla 95, *supra*:

> Su concesión es [de la solicitud de descubrimiento], sin embargo, función que descansa en la facultad discrecional del tribunal que juzga el caso. En el descargo de esa función deberá el tribunal **establecer un justo balance** entre los derechos del acusado y los intereses del Estado. Para ello deberá tomar en consideración si los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación **y son pertinentes para su defensa; …;** y la **razonabilidad de la petición** tomando en cuenta sus propósitos, **de manera que no haya innecesarias dilaciones en los procedimientos ni hostigación** [sic] **o molestias indebidas a los funcionarios del Estado.**[53]

Este delicado balance tiene que realizarse tomando en consideración los hechos del caso y la totalidad de las circunstancias que rodean la acción.  De esta manera, el tribunal podrá determinar hasta qué punto la prueba solicitada por la defensa de un imputado de delito abona o ayuda a establecer que no es responsable de los hechos por los que se le acusa.  Lo anterior tiene una importancia primordial ya que es una norma firmemente establecida en

---

[51] *Pueblo v. Dones Arroyo*, 106 DPR 303, 314 (1977) (*Per Curiam*).

[52] 102 DPR 470, 479 (1974). (Énfasis añadido).

[53] *Íd.* (Énfasis añadido).

nuestro ordenamiento que el descubrimiento al amparo de la Regla 95 de Procedimiento Criminal, *supra*, no es una "patente de corso que en forma indiscriminada permita la intrusión en los archivos de la fiscalía, ni que facilite al acusado cuanta evidencia pueda relacionarse con el caso criminal".[54]   Por todo lo anterior, hemos establecido claramente que un descubrimiento de prueba que rebase el texto de la Regla 95 de Procedimiento Criminal, *supra*, no puede invocar ni apoyarse livianamente en el debido proceso de ley.[55]

Las circunstancias en las que se permitirá un descubrimiento de prueba que exceda el texto de la Regla 95 *supra*, fueron ampliamente aclaradas en *Pueblo v. Arzuaga Rivera, et als.*, *ante*.   En ese caso estaba en controversia la entrega de una declaración jurada de un testigo de cargo que había sido imputado por el mismo delito junto a los acusados, pero que luego recibió inmunidad parcial. El Tribunal de Primera Instancia accedió a la solicitud de la defensa, ya que entendió que la declaración era necesaria para que en el juicio en su fondo los acusados pudieran

---

[54] *Pueblo v. Rodríguez Sánchez*, 109 DPR 243, 246 – 247 (1979); *Pueblo v. Arzuaga Rivera et als.*, 160 DPR 520, 530 (2003) (El derecho [al descubrimiento de prueba] está limitado por lo dispuesto en la Regla 95 de Procedimiento Criminal, ante, la cual, según hemos resuelto, constituye una barrera estatutaria contra las llamadas "expediciones de pesca" en los archivos de fiscalía); *Pueblo v. Romero Rodríguez*, 112 DPR 437, 440 (1982). *Véase además*, *Soc. Asistencia Legal v. Instituto de Ciencias Forenses*, 179 DPR 849 (2010).

[55] *Pueblo v. Rodríguez Sánchez*, *supra*, pág. 246.

contrainterrogar efectivamente al testigo. El Ministerio Público recurrió ante el entonces Tribunal de Circuito de Apelaciones, el cual revocó la determinación del foro primario. La controversia llegó ante nuestra consideración y los acusados argumentaron que la decisión del foro apelativo intermedio violaba su derecho al debido proceso de ley, al no permitírseles preparar y presentar una defensa adecuada.

Al confirmar la decisión del foro apelativo, expresamos que no podía interpretarse que con solo invocar el debido proceso de ley se abrían las puertas para que el acusado solicitara cualquier tipo de descubrimiento de prueba al Ministerio Público. Establecimos que "[l]as reglas que gobiernan el derecho al descubrimiento de prueba en casos criminales *no* pueden ser obviadas con la *sola mención* del derecho del acusado a un debido proceso de ley. La jurisprudencia en torno a este tema es clara: no existe un derecho constitucional a descubrir prueba antes del juicio".[56] Añadimos a continuación que "[l]a *única excepción* a esta norma… surge ante la existencia de *evidencia exculpatoria*, circunstancia que... es la *única* que activa la protección constitucional del debido proceso de ley".[57]

---

[56] *Pueblo v. Arzuaga Rivera et als.*, *supra*, págs. 534 – 535. (Citas omitidas). Itálicas en original.

[57] *Íd.* Itálicas en original. En *Pueblo v. Ríos Álvarez*, 112 DPR 92, 102 (1982) expresamos: "El descubrimiento de prueba que rebasa el texto de la Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente. ... No basta para activar el remedio la

Por lo tanto, las circunstancias que activan el recurso al debido proceso de ley para sobrepasar el texto de la Regla 95 de Procedimiento Civil, *supra*, giran en torno a evidencia en posesión del Ministerio Público que sea relevante a la inocencia o el castigo del acusado.[58] Resulta evidente que no es cualquier prueba la que se puede solicitar apoyándose en el derecho al debido proceso de ley.[59]

C.

Los tribunales cuentan con una discreción que es inherente a su función de resolver los casos y controversias que llegan ante su consideración.[60] Sin embargo, sabemos que la discreción judicial no opera en un vacío, en abstracción del resto del derecho. Tiene que ser así pues "discreción es una forma de razonabilidad que aplica al discernimiento judicial para llegar a una

---

probabilidad de que el jurado o el juez de conocer tal prueba hubiesen rendido un fallo distinto. La protección constitucional se da en situación que implica corrupción de la función depuradora de la verdad que es la esencia procesal del juicio."

[58] *Íd.*, págs. 536 y 537.

[59] Reiteramos, no obstante, que si el Ministerio Público tiene en su poder prueba exculpatoria o evidencia relevante a la inocencia o castigo del acusado, tiene la obligación de entregarla al acusado sin importar si se le ha hecho tal requerimiento o solicitud específica. De no hacerlo, incurre en una violación al debido proceso de ley del acusado. *Íd.*, pág. 538.

[60] *García v. Asociación*, 165 DPR 311 (2005); *Pueblo v. Rivera Santiago*, *supra*.

condición justiciera".[61] Los elementos para considerar si un tribunal incurrió en abuso de discreción son, entre otros, los siguientes: (1) cuando el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) cuando el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo, o; (3) cuando, a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y calibra livianamente los mismos.[62] Es harto conocido en nuestro ordenamiento que un tribunal apelativo no intervendrá con las determinaciones de un tribunal de instancia, a no ser que las decisiones emitidas por el mismo sean arbitrarias o constituyan un abuso de discreción judicial.[63]

### III.

Una vez aclarado el marco jurídico dentro del cual debemos analizar la controversia que se nos ha planteado, pasemos concretamente a la discusión de los hechos que motivaron este recurso.

El Ministerio Público acusó al señor José A. Custodio

---

[61] *Pueblo v. Rivera Santiago*, *supra*, pág. 580.

[62] *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 – 212 (1990), reiterado en *Pueblo v. Rivera Santiago*, *supra*.

[63] *Íd.*; *S.L.G. Flores Jiménez v. Colberg*, 173 DPR 843 (2008); *Colón Santos v. Coop. Seg. Múltiples de P.R.*, 173 DPR 170 2008).

Colón de cometer el delito de homicidio negligente por ocasionar la muerte a una persona al conducir un vehículo de motor bajo los efectos de bebidas embriagantes.[64] Luego de encontrarse causa para arresto, se celebró vista preliminar el 7 de abril de 2011, encontrándose causa probable para acusar. La acusación se presentó el 13 de abril de 2011. Es en ese momento que comenzó a transcurrir el término de 120 días establecido por la Regla 64(n)(4) de Procedimiento Criminal para celebrar el juicio en contra del acusado.[65]

El 20 de mayo de 2011, la defensa del señor Custodio Colón presentó por correo certificado una moción de descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal, *supra*. En esa moción, la defensa del señor Custodio Colón solicitó gran cantidad de documentos, muchos de los cuales excedían lo autorizado por el texto de la mencionada regla. En total, la lista de documentos ocupó 11 páginas y se requirieron 146 documentos.[66] El tribunal, mediante una orden escueta, ordenó al Ministerio Público producir la totalidad de la evidencia solicitada. Evidentemente, el foro primario abusó de su discreción al autorizar un descubrimiento tan extenso y oneroso para el Ministerio Público.

---

[64] 33 LPRA §4737.

[65] 34 LPRA Ap. II, R. 64(n)(4)

[66] *Ver* Opinión, págs. 3 - 4.

Lo primero que observamos es que muchos de los requerimientos de la defensa exceden lo autorizado por el texto de la Regla 95, *supra*. Siendo ese el caso, el tribunal debió haber realizado un balance de intereses entre el derecho del acusado a lo solicitado y los intereses del Estado.[67] Si el Tribunal de Primera Instancia hubiera analizado con detenimiento los requerimientos del señor Custodio Colón, se hubiera percatado de inmediato que muchos de estos no tienen ninguna pertinencia a su defensa ni sirven para demostrar su inocencia. No se trata de evidencia que active la protección del debido proceso de ley para permitir un descubrimiento de prueba más extenso del permitido por la Regla 95, *supra*.[68] El tribunal debió haber limitado el descubrimiento solicitado y/o haber emitido las órdenes protectoras que solicitó el Ministerio Público ante lo que constituyó, a todas luces, un descubrimiento injustificadamente amplio y dilatorio.

Por otro lado, indican los hechos del caso que el

---

[67] *Pueblo v. Tribunal Superior*, *supra*.

[68] *Pueblo v. Arzuaga Rivera et als.*, *supra*. En la vista de 16 de agosto de 2011, en la cual se desestimó la acusación contra el señor Custodio Colón, el Tribunal de Primera Instancia expresó que: "… el descubrimiento de prueba por el acusado aun cuando tiene una fuente estatutaria que es la Regla 95[,] tiene en circunstancias propia[s] una base más amplia en la Carta de Derecho[s] de la Constitución". Con esta expresión, el tribunal parece justificar el descubrimiento solicitado por la defensa amparándose en el debido proceso de ley. Sin embargo, como vimos, la mera mención de este derecho no abre las puertas a las expediciones de pesca en los archivos de la Fiscalía ni es *carte blanche* para que un acusado solicite toda prueba que entienda pueda serle favorable. *Íd*.

señor Custodio Colón no reclamó su derecho a juicio rápido cuando se anunció la fecha para la continuación de la vista de conferencia con antelación a juicio durante la vista de 9 de agosto de 2011.[69] Sin embargo el 16 de agosto de 2011, día de la continuación de la vista, la Defensa argumentó que aún no se había completado el descubrimiento de prueba y que habían transcurrido más de los 120 días autorizados por la Regla 64(n)(4) de Procedimiento Civil, *supra*. El Tribunal de Primera Instancia, luego de un somero análisis de los criterios que acogimos en *Pueblo v. Rivera Tirado*, *supra*, ordenó la desestimación de la acusación contra el señor Custodio Colón. Primero, el foro primario determinó que el requisito de duración de la tardanza se cumplió, toda vez que el término de 120 días desde que se presentó la acusación contra el señor Custodio Colón había vencido a la fecha de la vista de 16 de agosto de 2011. Aún si se determinara que las mociones y requerimientos del acusado no responden a tácticas dilatorias y que éste, en efecto, invocó oportunamente su derecho a juicio rápido, el mero hecho de cumplir con este requisito no es suficiente para

---

[69] Minuta de la Vista de 9 de agosto de 2011, Anejo XXVIII. Como señalamos, cuando las mociones y requerimientos del acusado responden a una táctica dilatoria, no objetar oportunamente un señalamiento que exceda los términos de juicio rápido podría constituir una renuncia de éste derecho. En este caso, la gran cantidad de documentos solicitados por la defensa del señor Custodio Colón, muchos de ellos sin ninguna conexión con los hechos del caso, unido a que nunca reveló la identidad del alegado perito que contrataría para testificar en su defensa, son hechos que apuntan a que, en efecto, el descubrimiento solicitado respondía a una táctica dilatoria.

desestimar de manera automática la acusación. Hemos resuelto que el derecho a juicio rápido es variable y flexible[70] y tiene que atemperarse a las realidades y circunstancias de cada caso.[71] La desestimación de los cargos sólo puede darse luego de un análisis ponderado de los criterios que este Tribunal ha adoptado, incluyendo que no exista justa causa para la dilación y que el acusado haya demostrado el perjuicio sufrido por causa de esta.

En el caso ante nuestra consideración, el Ministerio Público argumentó desde el 19 de julio de 2011 que el descubrimiento de prueba solicitado por la Defensa era demasiado extenso y oneroso, al punto de convertirlo en hostigante. Inclusive, el propio foro primario le advirtió a la defensa del señor Custodio Colón en corte abierta que la magnitud de la solicitud de descubrimiento, en su momento, podría constituir justa causa para la extensión de los términos de juicio rápido.

En efecto, ese era el caso. Como demuestran los hechos, la moción de descubrimiento de prueba radicada por la defensa llenaba 11 páginas en las que se solicitaba una cantidad considerable de documentos, muchos de los cuales no eran pertinentes a la defensa del acusado. La defensa del señor Custodio Colón justificó su extenso descubrimiento, en todo momento, en que pensaba utilizar prueba pericial. Sin embargo, aún cuando le fue requerido

---

[70] *Pueblo v. Rivera Carrión*, *supra*.

[71] *Pueblo v. Santa Cruz*, *supra*.

por el Ministerio Público, nunca informó el nombre del supuesto perito ni sobre qué temas presentaría testimonio pericial. Este hecho evita que podamos concluir que, en efecto, el descubrimiento solicitado era necesario para la defensa del señor Custodio Colón. La mera invocación del derecho a un debido proceso de ley no autoriza un descubrimiento de prueba indiscriminado, huérfano de razonabilidad y que provoque dilaciones innecesarias o resulte en extremo oneroso para el Ministerio Público.[72] En circunstancias como las que presenta el caso de epígrafe, se constituye la justa causa para la extensión de los términos de juicio rápido.

Finalmente, el tribunal de instancia tampoco consideró el elemento del perjuicio que pudiera causarle al acusado el retraso en su proceso penal. En la vista en la que se desestimó la acusación, la Defensa argumentó que el señor Custodio Colón había tenido que ausentarse tres días de su trabajo durante el mes de agosto, y que cada día que pasaba ocurrían cambios en el lugar de los hechos que perjudicaban su defensa. No hay ninguna otra expresión dirigida a demostrar que el señor Custodio Colón había sufrido algún perjuicio por la dilación. Los escuetos argumentos de la defensa no son suficientes para dar por cumplido el criterio de perjuicio sustancial resultante de la tardanza. De hecho, al momento de la desestimación

---

[72] *Pueblo v. Tribunal Superior*, *supra*.

habían transcurrido tan solo 5 días en exceso del término establecido por la Regla 64(n)(4), *supra*. Además, el señor Custodio Colón se encontraba libre bajo fianza, con permiso para trabajar y restricción domiciliaria únicamente los fines de semana.[73] Por lo tanto, en el presente caso el perjuicio al acusado resultante de la dilación no es suficiente para inclinar la balanza a favor de la desestimación de la acusación en su contra.

El Tribunal de Primera Instancia analizó livianamente los criterios antes mencionados y no les otorgó el valor que merecían, dada la totalidad de las circunstancias. Concluimos que abusó de su discreción al ordenar la desestimación de la acusación del señor Custodio Colón, a pesar de que el propio tribunal había advertido que el descubrimiento solicitado, por su extensión, podía justificar la extensión de los términos de juicio rápido. Se equivocó también el Tribunal de Apelaciones al confirmar la desestimación decretada por el Tribunal de Primera Instancia y concluir que la dilación obedeció exclusivamente a la falta de diligencia del Ministerio Público. Esta conclusión no encuentra apoyo en el expediente del caso.

---

[73] Somos conscientes que cualquier limitación a la libertad individual a la que todos los ciudadanos tienen derecho es una situación difícil y perjudicial, por lo que debe ser evaluada cuidadosamente. Sin embargo, se tiene que analizar la totalidad de las circunstancias para ponderar si la pérdida del derecho a la libertad total de acción del acusado es irrazonable dada su situación particular y el delito por el que se le acusa.

IV.

Por los fundamentos antes expuestos, revocamos la Resolución del Tribunal de Apelaciones. Se ordena la devolución del caso al Tribunal de Primera Instancia para que continúen los procedimientos criminales en contra del señor José A. Custodio Colón. El Tribunal deberá señalar un término perentorio para la conclusión del descubrimiento de la prueba que sea relevante y pertinente a los hechos del caso y señalar una fecha para juicio en su fondo en el menor tiempo posible.

Se dictará sentencia de conformidad.

Liana Fiol Matta
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                 CC-2011-1013

                                    *Certiorari*

José A. Custodio Colón

    Recurrido


SENTENCIA


En San Juan, Puerto Rico, a 19 de marzo de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, revocamos la Resolución del Tribunal de Apelaciones. Se ordena la devolución del caso al Tribunal de Primera Instancia para que continúen los procedimientos criminales en contra del señor José A. Custodio Colón. El Tribunal deberá señalar un término perentorio para la conclusión del descubrimiento de la prueba que sea relevante y pertinente a los hechos del caso y señalar una fecha para juicio en su fondo en el menor tiempo posible.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Jueza Asociada señora Pabón Charneco no interviene.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo