Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>**v.**<br><br>**JOSÉ LUIS LUGO CARABALLO**<br><br>Peticionario | KLCE202500476 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Caso Núm.:<br>**ISCR202500055 Y OTROS**<br><br>Sobre: **ART. 6.05 Y 6.22 DE LA LEY 168 Y ART. 246 DEL C.P.** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCION

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece ante nos, José Luis Lugo Caraballo, en adelante, Lugo Caraballo o peticionario, solicitando que revisemos la *"Minuta – Resolución"* del 3 de abril de 2025 del Tribunal de Primera Instancia, Sala Superior de Mayagüez, en adelante, TPI-Mayagüez. Mediante el recurrido dictamen, el Foro Primario declaro *"No Ha Lugar"* la solicitud de supresión de evidencia de Lugo Caraballo.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso solicitado.

### I.

Por hechos acaecidos el 6 de octubre de 2024, se presentaron sendas denuncias contra el peticionario por violaciones al Artículo 6.05 y 6.22 de la Ley de Armas de Puerto Rico, Ley Núm. 168-2019, 25 LPRA seccs. 466 (d) y (u); Artículo 7.01 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, 9 LPRA sec. 5201; y los Artículos 279 (b) y 246 del Código Penal de Puerto Rico, Ley Núm. 146-2012, 33 LPRA seccs.

5336 y 5372.[1] El 9 de octubre de 2024 hubo una determinación de causa probable para arresto.[2]

El 27 de enero de 2025, se celebró la Vista Preliminar en contra de Lugo Caraballo.[3] En la referida vista, el Foro Recurrido concluyó que el peticionario usó, poseyó y transportó un arma de fuego y municiones sin tener licencia para ello. Una vez presentadas las acusaciones, Lugo Caraballo radicó una *"Moción al Amparo de la Regla 234 de Procedimiento Criminal"*.[4] En la misma, arguyó que la intervención de la Policía con Lugo Caraballo careció de motivos fundados, por lo que la evidencia incautada en la misma es inadmisible.

Así las cosas, el 3 de abril de 2025, el TPI-Mayagüez celebró la Vista de Supresión de Evidencia, en la que testificó el Agente Daniel Vega Montalvo.[5] Según surge del resumen ofrecido por el peticionario en su recurso, el Agente explicó, en esencia, que el día de los hechos se detuvo en una gasolinera, en la cual una cajera le alertó sobre un vehículo que había llegado y estacionado hacía mucho tiempo, sin que nadie se bajara. Alegó que cuando fue a investigar, observó el vehículo de motor prendido y con las luces encendidas, y a un hombre dormido en el volante. Indicó que, al percatarse de un arma de fuego, encima de la consola de vehículo, solicitó la asistencia de sus compañeros, se puso un chaleco y encendió la cámara de su indumentaria. Narró que cuando el individuo intervenido, a quien identificó como Lugo Caraballo en sala, reaccionó y bajó el cristal, percibió sus ojos rojos, fuerte olor a alcohol, entre otras cosas. Por estos eventos, aduce que le incautaron el arma de fuego y luego lo arrestaron.

---

[1] Apéndice del recurso, págs. 1-10.
[2] *Id.*
[3] *Id.*, pág. 11.
[4] *Id.*, pág, 15.
[5] *Id.*, pág. 28.

Así, mediante *"Minuta – Resolución",* el Foro Primario declaró *"No Ha Lugar"* la solicitud de supresión, por entender que el Agente que intervino con Lugo Caraballo tenía motivos fundados para hacerlo. Inconforme, el 2 de mayo de 2025, el peticionario recurrió ante esta Curia mediante recurso de *certiorari*, para que revisemos la precitada determinación del Foro Primario. En su petitorio, Lugo Caraballo hace el siguiente señalamiento de error:

**Cometió error el Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de supresión de evidencia presentada por el peticionario, a pesar de que el agente interventor carecía de motivos fundados para la intervención y, además, no se trataba de un registro incidental a un arresto legal ya que al momento de efectuar el registro e incautación del arma de fuego, el señor José Luis Lugo Caraballo aún no había sido arrestado. Contrario a la norma doctrinaria el agente del orden público primero efectuó la incautación del arma de fuego y luego de ello, efectuó el arresto del peticionario.**

El 6 de mayo de 2025, mediante *"Resolución"*, ordenamos al peticionario a evidenciar el cumplimiento con lo dispuesto en la Regla 33(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33(B), y así lo hizo mediante moción el 8 de mayo de 2025. Además, concedimos a la parte recurrida hasta el 13 de mayo de 2025 para presentar su escrito en oposición, quien, en esta misma fecha, compareció ante nos en cumplimiento de orden. Perfeccionado el recurso ante nos, procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205

DPR 352, 372 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León*, supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Pueblo v. Custodio Colón*, supra, pág. 589; *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v.*

*Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

**III.**

El peticionario recurre ante nos impugnando la determinación de no suprimir una evidencia incautada el 6 de octubre de 2024, por el TPI-Mayagüez. Lugo Caraballo insiste que la misma fue ocupada en contravención a la Ley, por no haber existido motivo fundado para intervenir.

Luego de un examen sosegado del expediente y el pronunciamiento del cual se recurre, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Nuestra decisión de expedir o denegar recursos como el solicitado, es una discrecional y no constituye una adjudicación en los méritos. No obstante, añadimos que a la luz de la preceptiva esbozada en *Pueblo v. Pacheco Báez*, 130 DPR 664, 673 (1992), el dictamen del Foro Recurrido no incidió en abuso o error.

Por tanto, al amparo del sentido de la prudencia y conforme a los criterios reglamentarios esbozados en la Regla 40, supra, los cuales delimitan nuestra intervención en este tipo de recursos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

**IV.**

Por los fundamentos antes expuestos, *denegamos* expedir el recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones