Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br><br>v.<br><br><br>**LUIS SOLTERO ARROYO**<br><br>Peticionario | KLCE202400725 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ**<br><br><br>Caso Núm.:<br>**ISCR202300644**<br><br>Sobre: **Artículo 93 del C.P. Grado de Asesinato Primer Grado** |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de agosto de 2024.

Comparece ante nos Luis Soltero Arroyo, en adelante, Soltero Arroyo o peticionario, solicitando que revoquemos la "Resolución" del Tribunal de Primera Instancia, Sala de Mayagüez, en adelante, TPI-Mayagüez, notificada el 20 de mayo de 2024. En su dictamen, el Foro recurrido declaró "No Ha Lugar" la solicitud de desestimación presentada por el peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

**I.**

Por hechos acaecidos el 1 de noviembre de 2019, Soltero Arroyo fue imputado por los siguientes delitos: Asesinato en Primer Grado;[1] dos (2) cargos por el delito de Portación y Uso de Armas de

---

[1] Artículo 93 (a) del Código Penal de Puerto Rico de 2012, Ley Núm. 146-2012, 33 LPRA sec. 5142.

Número Identificador
RES2024_____

Fuego sin licencia;[2] un (1) cargo por Disparar o apuntar armas;[3] un (1) cargo por Fabricación, Distribución, Posesión y Uso de Municiones.[4] El 12 de abril del 2023 se presentaron estas denuncias en su contra,[5] y en los días 31 de mayo y 14 de agosto de 2023 se celebró la Vista Preliminar.[6] El 28 de agosto de 2023 se presentaron las acusaciones contra el peticionario.[7]

Sin embargo, el 29 de febrero de 2023, la representación legal de Soltero Arroyo presentó ante el TPI-Mayagüez una moción solicitando la desestimación del caso, al amparo de la Regla 64 (p) de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 64.[8] En su petitorio, Soltero Arroyo arguyó que no se presentó en la vista prueba de corroboración, con relación a las manifestaciones incriminatorias alegadamente hechas por el peticionario al testigo Graniela Matos. Por su parte, el Ministerio Público presentó su oposición a la solicitud de desestimación, el 4 de abril de 2024.[9]

Finalmente, el 20 de mayo de 2024, el Foro Recurrido emitió una "Resolución", declarando "No Ha Lugar" la solicitud de desestimación de Soltero Arroyo.[10] En su escrito, el TPI-Mayagüez concluyó que, en la etapa de Vista Preliminar, el Ministerio Público no está obligado a cumplir con los requisitos de corroboración, "siendo suficiente la presentación de prueba admisible dentro del juicio de las probabilidades para justificar someter a los acusados a los rigores de un juicio en sus méritos".[11]

---

[2] Artículo 5.04 de la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA ant. sec. 458c. (Derogada).
[3] Artículo 5.15 (D) de la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA ant. sec. 458n.
[4] Artículo 6.01 de la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA ant. sec. 459.
[5] Apéndice del recurso, págs. 18-27.
[6] *Id.* pág. 39.
[7] *Id.* pág. 28.
[8] *Id.* pág. 40.
[9] *Id.* pág. 45.
[10] *Id.* pág. 5.
[11] *Id.* pág. 14.

Inconforme, el peticionario presentó una *"Moción en Solicitud Reconsideración"* el 3 de junio de 2024.[12] La misma fue declarada "No Ha Lugar" el 7 de junio de 2024.[13] Así las cosas, Soltero Arroyo recurrió ante esta Curia mediante *"Petición de Certiorari"* el 1 de julio de 2024. En su recurso, nos hace los siguientes señalamientos de error:

ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN AL AMPARO DE LA REGLA 64P DE LAS DE PROCEDIMIENTO CRIMINAL DE 1963 ANTE UNA DETERMINACION DE CAUSA PARA ACUSAR CONTRARIA A DERECHO POR NO HABERSE PRESENTADO EN ETAPA DE VISTA PRELIMINAR EVIDENCIA EXTRÍNSECA O INDEPENDIENTE QUE TENDIERA A CORROBORAR LAS ALEGADAS MANIFESTACIONES DEL IMPUTADO.

ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN AL AMPARO DE LA REGLA 64P DE LAS DE PROCEDIMIENTO CRIMINAL Y DESCARTAR DE MANERA ARBITRARIA LA APLICACIÓN DE LA NORMA JURISPRUDENCIAL RECONOCIDA POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN PUEBLO V. FRADERA OLMO, SUPRA, E INTERPRETAR QUE EN VISTA PRELIMINAR EL MINISTERIO PÚBLICO NO OSTENTA LA OBLIGACIÓN DE PRESENTAR PRUEBA INDEPENDIENTE O ALIUNDE QUE TIENDA A CORROBORAR LAS ALEGADAS MANIFESTACIONES Y/O CONFESIONES REALIZADAS POR LOS IMPUTADOS.

Mediante *"Resolución"* del 9 de julio de 2024, concedimos un término de diez (10) días para expresarse sobre el recurso, conforme a la Regla 37 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 37. El 19 de julio de 2024, la Oficina del Procurador, en representación del

---

[12] Apéndice del recurso, pág. 15.
[13] *Id.* pág. 17.

Ministerio Público, presentó su contestación al recurso que nos ocupa. Con el beneficio de los escritos de ambas partes, procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009). Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et a.l*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). (Énfasis suplido).

### III.

El peticionario nos plantea que el Foro Primario se equivocó al denegar su solicitud de desestimación, por razón de que el Ministerio Público no cumplió con las exigencias del derecho vigente, en el ejercicio de corroborar una admisión. Alega que el precedente pautado en el caso de *Pueblo v. Fradera Olmo,* supra, requiere que el Ministerio Público presente evidencia extrínseca o independiente, que sustente una alegada admisión o confesión. Es decir, no es suficiente el testimonio de esa alegada expresión del acusado.

Por su parte, el Ministerio Público, y así concluyó también el Foro Recurrido, expuso que la casuística a la que se refiere Soltero Arroyo es propia de adjudicarse en el juicio plenario. Es decir, el estándar probatorio que invoca el peticionario aplica cuando ya existe una convicción, no en la etapa de Vista Preliminar.

Expuesta la divergencia en ambas posturas, y un examen sosegado del expediente y el pronunciamiento del cual se recurre, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario.

Nuestra decisión de expedir o denegar recursos como el solicitado es una discrecional y no constituye una adjudicación en los méritos. Por tanto, al amparo del sentido de la prudencia y conforme a los criterios reglamentarios esbozados en la Regla 40, *supra,* los cuales delimitan nuestra intervención en este tipo de recursos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

## IV.

Por los fundamentos antes expuestos, *denegamos expedir el recurso solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones