Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>VÍCTOR PÉREZ ALAMEDA<br><br>Peticionario | KLCE202400999 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: J SC2010G0012<br><br>Sobre: A 411-A SC - Introducir drogas en escuelas |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de octubre de 2024.

Comparece por derecho propio la parte peticionaria, Víctor Pérez Alameda, mediante el recurso de epígrafe y nos solicita la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 21 de agosto de 2024, notificada el 23 del mismo mes y año. En el referido dictamen, el foro recurrido declaró No Ha Lugar la solicitud del peticionario para que se le eximiera del pago del arancel especial dispuesto en la *Ley de Compensación y Servicios a las Víctimas y Testigos de Delito*, Ley Núm. 183-1998, según enmendada, 25 LPRA sec. 981 *et seq.*

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* solicitado y se revoca la determinación recurrida. Veamos.

### I

Por hechos ocurridos el 5 y 11 de marzo de 2009, un jurado encontró a Víctor Pérez Alameda (Pérez Alameda o peticionario) culpable por infracción a los Artículos 401 y 411-A de la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio

Número Identificador

SEN2024 _____

de 1971, según enmendada, 24 LPRA secs. 2401 y 2411a (Ley de Sustancias Controladas).[1] En consecuencia, el 11 de marzo de 2011, el Tribunal de Primera Instancia sentenció a Pérez Alameda a cumplir doce (12) años por el delito estatuido en el Artículo 411-A de la Ley de Sustancias Controladas, *supra*, y cuarenta (40) años por la infracción al Artículo 401 de la citada ley, a cumplir concurrentemente. A su vez, el foro primario le impuso a Pérez Alameda el pago del arancel especial dispuesto en la *Ley de Compensación y Servicios a las Víctimas y Testigos de Delito*, Ley Núm. 183-1998, según enmendada, 25 LPRA sec. 981 *et seq.* (Ley Núm. 183-1998).

En desacuerdo, el 3 de febrero de 2016, recibida el 10 del mismo mes y año, Pérez Alameda presentó una *Moción [de] Reconsideración.*[2] En síntesis, argumentó que la sentencia impuesta de cuarenta (40) años de prisión era excesiva y totalmente desproporcionada en comparación con el delito imputado. Arguyó que dicha sentencia era únicamente punitiva y no cumplía con el propósito de rehabilitación. Por tal razón, solicitó que se enmendara la sentencia impuesta.

Evaluada la solicitud de reconsideración, el 22 de febrero de 2016, notificada el 2 de marzo del mismo año, el foro *a quo* la declaró No Ha Lugar mediante *Orden.*[3]

Posteriormente, el 21 de junio de 2016, recibida el 27 del mismo mes y año, Pérez Alameda sometió una moción intitulada *Al Amparo de la Regla 185, Art. 11 y Art. (4) Principios de*

---

[1] Entradas Núm. 110 y 121 en los autos originales del Caso Núm. J SC2010G0012. Cabe destacar que, mientras Pérez Alameda se encontraba sumariado, en espera de la celebración de la vista preliminar, la **Sociedad para la Asistencia Legal** asumió la representación legal de este y, el 7 de octubre de 2009, presentó una *Solicitud de Rebaja de Fianza* ante el Tribunal de Primera Instancia. Sin embargo, en las etapas posteriores del trámite penal, Pérez Alameda tuvo representación legal privada. Véase, Entradas Núm. 3, 27 y 55 en los autos originales del Caso Núm. J SC2010G0012.
[2] Entrada Núm. 139 en los autos originales del Caso Núm. J SC2010G0012.
[3] Entrada Núm. 140 en los autos originales del Caso Núm. J SC2010G0012.

*Favorabilidad.*[4] En esencia, solicitó que se enmendara la sentencia dictada en el caso de epígrafe, a los efectos de que se le redujera la pena de reclusión impuesta por ser excesiva.

Atendido el asunto, el 1 de julio de 2016, notificada el 8 del mismo mes y año, el foro recurrido emitió una *Orden* mediante la cual declaró No Ha Lugar la referida moción.[5]

Así las cosas, el 12 de agosto de 2024, recibida el 19 del mismo mes y año, Pérez Alameda presentó una *Solicitud de Eximir de la Ley [Núm.] 183*.[6] En particular, indicó que, desde hace catorce (14) años, se encontraba confinado y ello le imposibilitaba devengar algún ingreso para poder pagar el arancel especial impuesto de $600.00. Arguyó que, si bien tuvo la oportunidad de costear su defensa en el año 2009, actualmente no contaba con los recursos económicos. Explicó que, al tener pendiente el pago del referido arancel, no cualificaba para beneficios como la libertad bajo palabra. Alegó que sus familiares y amistades habían hecho lo posible para conseguir la cantidad adeudada, pero no lo habían logrado. Planteó que no existía forma de que pudiera pagar dicha cantidad, toda vez que no podía trabajar en la institución carcelaria en la que se encontraba recluido y no lo podría hacer por los próximos años. En vista de ello, solicitó que se le eximiera del pago del arancel especial por indigencia.

Examinada la solicitud, el 21 de agosto de 2024, notificada el 23 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Orden* que nos ocupa.[7] En esta, el foro de origen declaró No Ha Lugar la petición promovida por Pérez Alameda.

---

[4] Entrada Núm. 146 en los autos originales del Caso Núm. J SC2010G0012.
[5] Entrada Núm. 147 en los autos originales del Caso Núm. J SC2010G0012.
[6] Apéndice del recurso. Véase, además, Entrada Núm. 151 en los autos originales del Caso Núm. J SC2010G0012.
[7] Íd. Véase, además, Entrada Núm. 152 en los autos originales del Caso Núm. J SC2010G0012.

Inconforme aún, el 10 de septiembre de 2024, recibida en la Secretaría de este Foro el 16 del mismo mes y año, la parte peticionaria instó el presente recurso. En su escrito, el peticionario impugna la determinación del foro primario. En esencia, nos solicita que dejemos sin efecto el dictamen recurrido y que le ordenemos al foro de origen a que lo exima del pago del referido arancel especial.

El 7 de octubre de 2024, la parte recurrida presentó una *Solicitud de Desestimación.* En esencia, sostuvo que el recurso no le fue notificado por el peticionario, pues no fue hasta que recibió nuestra *Resolución* del 25 de septiembre de 2024 que se enteró de la acción instada y solicitó copia del recurso a la Secretaría de este Foro intermedio. A su vez, planteó que el escrito en cuestión no cumplía con los requisitos reglamentarios, pues carecía de (1) una relación fiel y concisa de los hechos procesales y materiales del caso; (2) señalamientos de error que, a su juicio, cometió el foro primario; (3) referencia a la decisión cuya revisión se solicita; y (4) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable. Además, añadió que el peticionario omitió incluir la decisión del foro de *a quo* cuya revisión solicita.

Atendido el asunto, el 11 de octubre de 2024, emitimos una *Resolución* mediante la cual declaramos No Ha Lugar la moción de desestimación promovida por la parte recurrida. Asimismo, le concedimos un término de diez (10) días para presentar su posición en cuanto a los méritos del recurso.

En cumplimiento con dicha orden, la parte recurrida compareció mediante *Escrito en Cumplimiento de Orden* el 21 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, así como los autos originales, procedemos a resolver.

**II**

**A**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec. 3491; *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. *Íd.*; *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Sin embargo, esa discreción no es irrestricta. *Íd.* Así, el Tribunal Supremo de Puerto Rico ha expresado que los jueces, so pretexto de ejercer su discreción, no pueden olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia. De esa forma, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, fija unos criterios para que el tribunal revisor intermedio ejerza prudentemente su discreción al decidir si atiende en los méritos el recurso. *Íd.* La referida Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

La deferencia que se le confiere al foro primario descansa en un marco de discreción y razonabilidad. *Pueblo v. Rivera Montalvo*, supra, pág. 373. En ese sentido, esa discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Íd.* Los tribunales revisores podremos sustituir el criterio que utilizó el foro primario por el nuestro únicamente cuando existen circunstancias extraordinarias en las que se pruebe que el foro primario actuó con pasión, prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto o de derecho. *Íd.* Un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna. *Pueblo v. Rivera Montalvo*, supra, pág. 374, citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 782 (2013). Por otro lado, un tribunal puede incurrir en abuso de discreción cuando el juez: (1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Íd.*; *Pueblo v. Sanders Cordero*, 199 DPR 827, 841 (2018), citando a *Pueblo v. Custodio Colón,* 192 DPR 567, 588-589 (2015). Por último, un juzgador incurre en error manifiesto que justifica la intervención del tribunal apelativo cuando la apreciación de la prueba se

distancia de la realidad fáctica o es inherentemente imposible o increíble. *Íd.*, citando a *Pueblo v. Irizarry*, 156 DPR 780, 816 (2002).

**B**

La *Ley de Compensación y Servicios a las Víctimas y Testigos de Delito*, Ley Núm. 183-1998, según enmendada, 25 LPRA sec. 981 *et seq.* (Ley Núm. 183-1998), tiene como propósito fundamental ampliar los derechos de las víctimas de delito mediante un mecanismo de compensación monetaria que se nutre de la pena especial impuesta por los tribunales a las personas transgresoras de diversos delitos. De esta manera, a las víctimas de delito se les brinda una compensación económica para ayudarles a afrontar los gastos incurridos como consecuencia de los daños, pérdidas o gastos médicos razonables derivados de la acción delictiva.

Dicho estatuto enmendó el entonces Código Penal de Puerto Rico de 1974, para añadirle el Artículo 49-C. 33 LPRA sec. 3214. El nuevo articulado establecía que los tribunales sentenciadores impondrían a toda persona convicta, además de la pena por el delito cometido, una pena monetaria equivalente a cien dólares ($100) por cada delito menos grave cometido, o trescientos dólares ($300) por cada delito grave. Además, la Asamblea Legislativa estableció que la referida pena especial se pagaría mediante sellos de rentas internas. Asimismo, se dispuso que las cantidades recaudadas ingresaran al Fondo Especial de Compensaciones a Víctimas de Delito.

Por su parte, el Código Penal de Puerto Rico de 2004 recogió esta pena especial en su Artículo 67, la cual, a su vez, se codificó en el Artículo 61 del vigente Código Penal de 2012.[8] 33 LPRA sec. 5094. Las enmiendas al Código Penal de Puerto Rico de 2012 introducidas mediante la Ley Núm. 246-2014 no enmendaron el Artículo 61 antes

---

[8] El Código Penal de Puerto Rico de 2012 se adoptó en virtud de la Ley Núm. 146-2012, mientras que las enmiendas a este cuerpo regulatorio se introdujeron mediante la Ley Núm. 246-2014.

aludido. Es por ello, que la norma de derecho sobre la pena especial ha permanecido inalterada en su propósito y redacción a través de las diversas enmiendas al Código Penal de Puerto Rico, salvo por ciertas exclusiones y modificaciones sobre el modo de pago, entre otros aspectos, que se introdujeron a la Ley Núm. 183-1998, *supra.*

Cabe destacar que los Artículos 18 y 19 de la Ley Núm. 183-1998, *supra*, establecen que aquellas personas convictas que no satisfagan la pena especial no podrán beneficiarse de los programas de desvío, tratamiento y rehabilitación establecidos por la Administración de Corrección. Tampoco serán elegibles para beneficiarse de los Programas de Adaptación Social. De igual modo, las personas convictas que no paguen la pena especial no podrán ser acreedoras de los beneficios de bonificaciones por buena conducta, trabajo y estudio. [9]

Ahora bien, la Ley Núm. 195-2000 enmendó la Ley Núm. 183-1998, *supra*, para establecer un plan de pago a plazos de la pena especial en casos de personas convictas que sean indigentes. También, se introdujo una enmienda para eximir del pago de la pena especial en casos de personas convictas de delito grave que cumplieran con, por lo menos, dos (2) de las siguientes condiciones, a saber:

1. El Ministerio Público no presenta objeción a que se exima;

2. El convicto es una persona indigente, representado por la Sociedad para la Asistencia Legal, un abogado de oficio u otra institución que ofrezca representación legal gratuita a indigentes;

3. El delito grave por el cual fue convicto no es uno de los enumerados en el Artículo 10-A de la Ley Núm. 116 de 22 de julio de 1974, en referencia a la ley orgánica de la Administración de Corrección. En estos casos no podrá eximirse del pago de la pena especial; y

---

[9] Los mencionados artículos enmendaron los Artículos 10-A y 20, respectivamente, de la *Ley Orgánica de la Administración de Corrección*, Ley Núm. 116 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1101 *et seq.* (derogada) (Ley Núm. 116-1974).

4. No existe parte perjudicada directamente o, de existir, ha sido resarcida adecuadamente a juicio del tribunal.

Esta enmienda al Artículo 49-C del entonces Código Penal de Puerto Rico de 1974 estableció que, al imponer la pena especial, el tribunal, a su discreción, debía tomar en cuenta la naturaleza del delito, las circunstancias en que se cometió, si la persona perjudicada fue resarcida, si existieron atenuantes o agravantes, y la situación económica de la persona convicta. En caso de indigencia y previa solicitud de la persona convicta, se facultó al tribunal para establecer un plan de pago a fin de satisfacer la pena especial mediante cualquier pago, salario, jornal, compensación, premio o ayuda económica que la persona convicta reciba. Asimismo, la enmienda dispuso para adoptar reglamentación, de manera conjunta, por la Administración de los Tribunales y la Administración de Corrección para cumplir con dichos propósitos. Por último, se aclaró que no debería concluirse que una persona convicta es indigente por el solo hecho de haber sido representado por alguna organización, persona o entidad que provea servicios legales a personas de escasos recursos económicos.

En cuanto a las condiciones antes enumeradas, podemos apreciar que la condición número 3 constituye propiamente una exclusión para beneficiarse de la posibilidad de ser eximida del pago de la pena especial. Es decir, que si la persona convicta es sentenciada por alguno de los delitos enumerados en el Artículo 10-A de la Ley Núm. 116-1974, *supra,*[10] no podrá beneficiarse de la exención. Es decir, tendrá que pagar la pena especial conforme lo haya determinado el tribunal sentenciador. 4 LPRA sec. 1136a.

---

[10] Dicho estatuto fue sustituido por el Plan de Reorganización del Departamento de Corrección y Rehabilitación, Plan Núm. 2-2011, según enmendado, 3 LPRA Ap. XVIII.

En particular, el Artículo 10-A de la Ley Núm. 116-1974, *supra*, excluye a las personas convictas por asesinato, violación (agresión sexual[11]), incesto, sodomía, o actos lascivos o impúdicos cuando la víctima fuere menor de catorce (14) años; y violaciones a la Ley de Explosivos de Puerto Rico, Ley Núm. 134 de 28 de junio de 1969, según enmendada, 25 LPRA sec. 561 *et seq.* Tampoco serán elegibles para participar en los programas de desvío o tratamiento y rehabilitación, las personas convictas por violar la Ley de Sustancias Controladas*, supra,* salvo las infracciones al Artículo 404 sobre posesión de sustancias controladas, que se acojan y cumplan con el programa de tratamiento y rehabilitación. En otras palabras, no podrán ser eximidas del pago de la pena especial aquellas personas convictas por violación a la Ley de Sustancias Controladas*, supra,* a menos que la convicción recaiga por la mera posesión bajo el Artículo 404 y la persona imputada apruebe con éxito el programa de tratamiento y rehabilitación mediante el beneficio de libertad a prueba hasta lograr la exoneración y sobreseimiento del caso. 24 LPRA sec. 2404(b)(1). Por lo tanto, los delitos por distribución de sustancias controladas no están eximidos del pago de la pena especial.

No obstante, recientemente, se promulgó la *Ley para la Imposición de la Pena Especial del Código Penal de Puerto Rico*, Ley Núm. 34-2021, 4 LPRA sec. 1661 *et seq.* (Ley Núm. 34-2021), con el fin de poder establecer un procedimiento que permita considerar la indigencia de una persona convicta al determinar la imposición de la pena especial establecida en el Código Penal de Puerto Rico. Esta Ley dispuso como política pública del Gobierno de Puerto Rico el garantizar la igual protección de las leyes a toda persona convicta

---

[11] Artículo 130 del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5191.

que por su condición social no pueda satisfacer la pena especial que nuestro Código Penal establece. 4 LPRA sec. 1662.

A diferencia de las enmiendas implementadas por la Ley Núm. 195-2000, la Sección 4 de la Ley Núm. 34-2021, *supra*, decreta que los tribunales, ya sea *motu proprio* o a solicitud de la persona convicta, **podrá eximir del pago de la pena especial del Código Penal de Puerto Rico, siempre y cuando se cumpla con al menos una (1) de las siguientes condiciones**:

1. El Ministerio Público no presenta objeción fundada para que se exima.

2. La persona convicta es indigente representado por la Sociedad para la Asistencia Legal, por una institución que ofrezca representación legal gratuita a indigentes, o un abogado de oficio.
3. Por fundamento de indigencia constatado a satisfacción del tribunal. 4 LPRA sec. 1664.

La aludida sección, además, dispone que **la indigencia de la persona convicta se presumirá en los siguientes casos**:

(1) Esté representada por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos, o

(2) aun cuando cualifique o haya cualificado para estar representada por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos, por alguna razón no relacionada a sus recursos económicos, no pudo ser representad[a] por estos. 4 LPRA sec. 1664.

Además de disponer para que se exima del pago de la pena especial a aquellas personas convictas indigentes, la Ley Núm. 34-2021, *supra*, reconoce la discreción a los tribunales para que, en aquellos casos en que la persona convicta no sea eximida, en consideración a su situación económica, pueda establecerse el pago de la pena especial mediante pagos a plazos. 4 LPRA sec. 1665.

En ese sentido, la persona convicta podrá presentar una petición para la celebración de una vista con el fin de considerar la concesión de la exención o el pago a plazos. 4 LPRA sec. 1666. En

dicha petición, la parte peticionaria deberá exponer las razones por las cuales desea que se realice la vista, basada en su condición de indigencia o falta de capacidad económica para satisfacer la pena especial correspondiente. *Íd.* Celebrada la vista, el foro primario determinará si procede la exención, el pago a plazos o el saldo total de la pena especial impuesta a la persona convicta. *Íd.*

Por otro lado, el citado estatuto establece que aplicará retroactivamente a las personas convictas bajo el Código Penal de 2004 y el Código Penal de 2012. 4 LPRA sec. 1661.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En esencia, la parte peticionaria impugna la determinación del Tribunal de Primera Instancia de no eximirla del pago del arancel especial dispuesto en la Ley Núm. 183-1998, *supra.* En virtud de ello, nos solicita que dejemos sin efecto el dictamen recurrido y que le ordenemos al foro de origen a que lo exima del pago del referido arancel especial.

Por su lado, la parte recurrida indica que el foro primario declaró sin lugar la solicitud promovida por el peticionario, sin procedimiento o explicación adicional. Plantea que nuestro ordenamiento jurídico no requiere que en la moción post-sentencia se solicite la vista de indigencia con un lenguaje específico como condición para llevarla a cabo. Sostiene que el foro de origen tenía que celebrar la vista de indigencia para así poder adjudicar la procedencia de la solicitud del peticionario. Ante ello, solicita que el caso se devuelva al foro juzgador para que se celebre la vista requerida por Ley y se le conceda al peticionario la oportunidad de demostrar su estado de indigencia.

Hemos evaluado cuidadosamente el expediente ante nuestra consideración y entendemos que, conforme a la normativa aplicable,

tenemos autoridad para atender el asunto ante nuestra consideración en aras de evitar un fracaso a la justicia. Por tanto, en cumplimiento con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, procede expedir el auto de *certiorari* y revocar el dictamen recurrido. Nos explicamos.

Conforme a lo previamente esbozado, la Ley Núm. 34-2021, *supra*, dispone que el tribunal, *motu proprio* o a solicitud de la persona convicta, podrá eximir del pago de la pena especial, siempre y cuando se cumpla con al menos una (1) de las siguientes condiciones: (1) El Ministerio Público no presenta objeción fundada para que se exima; (2) La persona convicta es indigente representado por la Sociedad para la Asistencia Legal, por una institución que ofrezca representación legal gratuita a indigentes, o un abogado de oficio; (3) Por fundamento de indigencia constatado a satisfacción del tribunal. Además, dicho estatuto establece que la indigencia de la persona convicta se presumirá cuando: (1) Esté representada por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos, o (2) aun cuando cualifique o haya cualificado para estar representada por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos, por alguna razón no relacionada a sus recursos económicos, no pudo ser representada por estos. En ese sentido, la persona convicta podrá presentar una petición para la celebración de una vista con el fin de considerar la concesión de la exención o el pago a plazos de la pena especial. Celebrada la vista, el foro primario determinará si procede la exención, el pago a plazos o el saldo total de la pena especial impuesta a la persona convicta.

En el caso de autos, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud del peticionario de que se le exima del pago de la pena especial en cuestión. Sin embargo, no se desprende del

expediente ante nos, ni de los autos originales, que el foro juzgador celebrara una vista para dilucidar la indigencia alegada por el peticionario, tomando en consideración los requisitos antes esbozados, así como las presunciones detalladas. Como bien expuso la parte recurrida, el foro sentenciador tenía que celebrar una vista con el fin de considerar la concesión de la exención solicitada por el peticionario, conforme a lo aquí discutido.

Ante dicho escenario, y de conformidad con el estado de derecho aplicable, procede expedir el auto de *certiorari*, al amparo de lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*, y revocar la *Orden* recurrida.

**IV**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido. En su consecuencia, devolvemos el caso al foro de origen para que celebre una vista con el fin de considerar la concesión de la exención solicitada por Víctor Pérez Alameda.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones