Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| WILBERT VÁZQUEZ ZABATELA EX PARTE | TA2025CE00305 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Caso Núm.: BY2020CV03967 <br><br> Sobre: Eliminación Registro de Ofensores Sexuales y Antecedentes Penales |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de septiembre de 2025.

Wilbert Vázquez Zabaleta (en adelante, señor Vázquez o peticionario), solicita que revoquemos la *Resolución* emitida por el del Tribunal de Primera Instancia, Sala de Bayamón (en adelante, TPI o foro primario) el 18 de julio de 2025, ante la negativa de eliminar su nombre del Registro de Ofensores Sexuales y Abuso contra Menores (en adelante, Registro).

Los hechos esenciales para comprender la determinación que hoy tomamos se incluyen a continuación.

**I**

El 1 de diciembre de 2020, el señor Vázquez presentó de forma *Ex Parte* una *Petición de Eliminación de Convicciones de Delitos del Record Penal.*[1] Allí, solicitó que se eliminen las convicciones de delito grave de su récord penal, ya que cumplió a cabalidad con su condena y cumplía con todos los requisitos necesarios para tal

---

[1] Entrada #1 de Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el TPI.

eliminación. En particular, el 21 de octubre de 2008, el señor Vázquez fue acusado por violación al Artículo 142 (a) del Código Penal de 2004 llegando a un acuerdo con el Ministerio Público para reclasificar y sentenciar por el por el delito tipificado en el Artículo bajo el Artículo 144 (b) del Código Penal de 2004, ya derogado. Es decir, bajo el delito de actos lascivos en la modalidad de cuando la víctima fue compelida al acto mediante el empleo de fuerza, violencia, amenaza grave o inmediato daño corporal, o intimidación o el uso de medios hipnóticos, narcóticos, deprimentes o estimulantes o sustancias o medios similares. Por dicho delito se le impuso una pena de tres (3) años y un (1) día de cárcel al peticionario.

En respuesta, la fiscalía presentó su *Oposición a Petición de Eliminación de Convicciones de Delitos, Antecedentes Penales y Otros*.[2] En esta, solicitó al foro primario declarar Sin Lugar la referida petición, ya que lo que correspondía era que el señor Vázquez permanezca el Registro de Ofensores Sexuales por plazo de veinticinco (25) años, toda vez que su convicción advino por un delito sexual clasificado como Tipo II.

Así las cosas, el 19 de febrero de 2024, el señor Vázquez presentó *Moción Urgente Solicitando Eliminación de Antecedentes Penales*.[3] Allí, alegó que no le es aplicable de forma retroactiva las enmiendas a la Ley Núm. 266-2004, según enmendada, conocida como *Ley del Registro de Personas Convictas Por Delitos Sexuales y Abuso Contra Menores* contenidas en la Ley Núm. 243-2011. Esto, ya que las mismas, a su parecer violaban la protección constitucional contra leyes *ex post facto*, dado que se eliminó el elemento de minoridad al reclasificarse el delito en su Sentencia la cual fue producto de una alegación preacordada con el Ministerio

---

[2] Entrada #7 de SUMAC TPI.
[3] Entrada #21 de SUMAC TPI.

Público.[4] El peticionario sostuvo que fue convicto por el siguiente delito: Artículo 144 (b) del Código Penal de 2004, con una condena de tres (3) años y un (1) día de cárcel, con costas y pena especial, en el caso criminal núm. DIS2008G0060. Ante tales circunstancias y sumado a que lleva más de diez (10) años en el Registro, y más de cinco (5) años sin que haya incurrido en conducta delictiva, indicó que procedía la eliminación de sus datos en dicho Registro.

En desacuerdo, la fiscalía, presentó *Oposición a Moción Urgente Solicitando Eliminación de Antecedentes Penales* en la que indicó, entre otras cosas, que procede la aplicación retroactiva de la Ley Núm. 243-2011.[5] Por tanto, nuevamente reiteró que el señor Vázquez se mantuviese en el Registro por veinticinco (25) años, toda vez que su convicción advino por un delito sexual clasificado como Tipo II.

Finalmente, el 18 de julio de 2025, el TPI emitió *Resolución* declarando No Ha Lugar el recurso incoado por el señor Vázquez. Este resolvió que al peticionario le es aplicable de forma retroactiva las enmiendas establecidas en la Ley Núm. 243-2011. Igualmente, a base de dichas enmiendas, el señor Vázquez es un ofensor sexual Tipo II por lo que está sujeto a mantenerse inscrito en el Registro durante el término de veinticinco (25) años. Añadió, que independientemente de que se haya configurado un preacuerdo entre el peticionario y el Ministerio Público donde se eliminó el elemento de minoridad en la víctima del delito sexual, el señor Vázquez no está exento de inscribirse en el Registro. Por lo que, sostuvo que en la Sentencia emitida en el caso criminal del peticionario se tomó en cuenta la minoridad de la víctima. Esto, ya que se le impusieron unas condiciones especiales en dicho dictamen

---

[4] Antes de reclasificar el delito, la acusación incluía que la víctima era una persona de trece (13) años al momento de los hechos.
[5] Entrada #24 de SUMAC TPI.

que impedían que el peticionario interviniera con la víctima y estuviese sujeto al Registro.

Inconforme, el 15 de agosto de 2025, el peticionario presentó el recurso ante nos en el cual alega los siguientes errores:

> ERRÓ EL TPI AL DETERMINAR QUE EL SEÑOR VÁZQUEZ ESTÁ SUJETO A MANTENERSE INSCRITO EN EL REGISTRO DURANTE UN TÉRMINO MAYOR DE 10 AÑOS, AL APLICAR LAS ENMIENDAS DE LA LEY 243-2011, LA CUAL ENTRÓ EN VIGOR LUEGO DE EXTINGUIR SU PENA.

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE ELIMINACIÓN DEL REGISTRO DE OFENSORES SEXUALES DEL COMPARECIENTE APLICANDO LA LEY 243 DEL AÑO 2011, AUN CUANDO EL SEÑOR VÁZQUEZ, AL MOMENTO DE LA APROBACIÓN DE LA LEY 243-2011, YA HABÍA CUMPLIDO SENTENCIA.

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE ELIMINACIÓN DEL REGISTRO DE OFENSORES SEXUALES DEL COMPARECIENTE APLICANDO LO RESUELTO EN PUEBLO V. FERRER MALDONADO, 2019 TSPR 43, AUN CUANDO LO ALLÍ RESUELTO POR NUESTRO TRIBUNAL SUPREMO HACE LA DISTINCIÓN POR EL HECHO DE QUE EL SEÑOR FERRER MALDONADO AÚN NO HABÍA CULMINADO SU SENTENCIA AL MOMENTO DE LA APROBACIÓN DE LA LEY 243-2011.

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL APLICAR LA LEY 243-2011, SUPRA, AL CASO DE AUTOS, AUN CUANDO EL ARTÍCULO 2 DE DICHA LEY, SE DESPRENDE QUE DICHA PIEZA LEGISLATIVA NO LE ES DE APLICACIÓN A UNA PERSONA QUE YA CUMPLIÓ SENTENCIA AL MOMENTO DE LA APROBACIÓN DE LA LEY.

## II

### A. El certiorari

El auto de certiorari es el vehículo procesal extraordinario mediante el que un tribunal de mayor jerarquía, puede revisar las determinaciones de un tribunal inferior. A través de este recurso, el peticionario solicita a un tribunal de superior jerarquía que corrija un error cometido por el tribunal inferior. 32 LPRA sec. 3491.

El recurso de certiorari se caracteriza porque su expedición descansa en la sana discreción del tribunal revisor. *Pueblo v. Diaz*

*De León,* 176 DPR 913, 917-918 (2009). No obstante, la discreción para autorizar la expedición del recurso y adjudicarlo en sus méritos, no es irrestricta. La discreción se define como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Custodio Colon,* 192 DPR 567, 588 (2015). De modo que, el ejercicio de discreción no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016). Los elementos a evaluar para considerar si el foro primario incurrió en abuso de discreción son, entre otros, si: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente.

En la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, se fijan los criterios que este foro habrá de considerar para ejercer, sabia y prudentemente, su discreción para atender o no en los méritos un recurso de certiorari. Estos son los siguientes:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.      Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.      Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**III**

Luego de revisar el derecho aplicable y los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, no encontramos criterio alguno que justifique nuestra intervención con la determinación recurrida por lo que denegamos el recurso.

**IV**

Se deniega el recurso presentado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones