Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **El Pueblo de Puerto Rico**<br>Parte recurrida<br><br>v.<br><br>**Alexis Hernández Rivera**<br>Parte peticionaria | TA2025CE00504 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia Sala Superior de Arecibo<br><br>Caso Núm.:<br>**CLA2006G0308**<br>(Salón 303)<br><br>Sobre:<br>Art. 5.01 Fabricación, Venta y Distribución y otros. |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2025.

Comparece ante nos, *por derecho propio*, Alexis Hernández Rivera, en adelante, Hernández Rivera o peticionario, solicitando que revisemos una determinación del Tribunal de Primera Instancia, Sala Superior de Arecibo, en adelante, TPI-Arecibo, del 3 de septiembre de 2025.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso solicitado.

**I.**

Hernández Rivera se encuentra cumpliendo un sentencia por infracciones al Artículo 5.01 y 5.04 de la derogada Ley de Armas de Puerto Rico, en adelante, Ley de Armas, Ley Núm. 404-2000, 25 LPRA ant secs. 458 y 458(c). Esta condena se encuentra sirviéndola en la Institución Guerrero 304 del Municipio de Aguadilla.

En virtud de la Regla 201 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 201, tomamos conocimiento judicial del caso **KLCE202400159**. En el mismo, el aquí peticionario recurrió de un

determinación del TPI-Arecibo que denegó una moción al amparo de la Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 192.1. El panel hermano concluyó que Hernández Rivera *no había derrotado la presunción de corrección sobre la Sentencia que le fue impuesta.*

Ahora bien, según lo alegado por el peticionario en su escrito ante nos, Hernández Rivera presentó ante el TPI-Arecibo, *nuevamente,* una moción al amparo de la Regla 192.1 de Procedimiento Criminal, supra. El 3 de septiembre de 2025, el Foro Recurrido dispuso sobre esta lo siguiente: "Nada que proveer. Véase determinaciones anteriores del Tribunal sobre mociones similares radicadas por el Sr. Hernández Rivera".[1]

Inconforme, el peticionario recurre ante nos mediante recurso de *certiorari* el 24 de septiembre de 2025. En el mismo, aduce, en esencia, que su sentencia debe ser declarada nula. Arguye que el Artículo 5.04 de la Ley de Armas, supra, sec. 458(c) fue declarada inconstitucional. Para ello, nos advierte sobre los casos **KLCE201600680, KLCE201600875 y KLCE201600974,** los cuales fueron consolidados, y en donde se declaró inconstitucional el Art. 5.04 de la Ley de Armas, supra, sec. 458(c).

Huelga destacar que el Procurador General de Puerto Rico apeló dicha determinación, la cual posteriormente fue revocada mediante el caso de *Pueblo v. Rodríguez López,* 210 DPR 752 (2022).

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera,* 206 DPR

---

[1] Este es el único documento anejado al recurso.

616, 632 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León*, supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

**III.**

El peticionario recurre ante esta Curia solicitando que rectifiquemos el alegado error del Foro Primario, el cual, según

alega, se ha rehusado a declarar nula su Sentencia. Su contención es que el dictamen en su contra es ilegal, ya que en los casos que nos citó, esa disposición estatutaria fue declarada inconstitucional.

Según explicáramos previamente, en los recursos aludidos, los cuales fueron consolidados por un panel hermano, este Tribunal, en efecto, declaró inconstitucional el referido Artículo. Sin embargo, el Tribunal Supremo de Puerto Rico *revocó* esta determinación y sostuvo *la constitucionalidad* del Artículo 5.04 de la Ley de Armas, supra, sec. 458(c). Véase, *Pueblo v. Rodríguez López*, supra, pág. 782.

Concluimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. La solicitud del peticionario responde a un entendido sobre la constitucionalidad de los estatutos por los cual se encuentra sirviendo una condena, que ameritaba aclaración.

**IV.**

Por los fundamentos antes expuestos, *denegamos el recurso solicitado.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones