ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| EL PUEBLO DE PUERTO RICO RECURRIDO v. DANIEL MALDONADO CRUZ FRANCISCO J. RIVERA ROSARIO PETICIONARIOS | KLCE202500453 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito Caso Criminal Núm.: B SC2024G0088 y otros Sobre: Art. 401, Ley de Sustancias Controladas y otros |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de octubre de 2025.

Comparece el señor Daniel Maldonado Cruz (Sr. Maldonado Cruz; peticionario) mediante el recurso del epígrafe, y nos solicita la expedición de un auto de *certiorari* a los fines de revocar una *Resolución* emitida el 18 de noviembre de 2024 y notificada el 27 de noviembre de 2024 por el Tribunal de Primera Instancia de Aibonito (TPI) que denegó desestimar los cargos presentados al peticionario al no concederle una vista evidenciaria en relación a evidencia potencialmente exculpatoria, bajo lo pautado en *Pueblo v. Vélez Bonilla*, 189 DPR 705 (2013).

Adelantamos que se deniega la expedición del auto de *certiorari*.

## I

En lo pertinente al recurso ante nuestra consideración, luego de la celebración de la vista bajo la Regla 6 de Procedimiento Criminal y la renuncia por escrito de la celebración de Vista Preliminar por el peticionario[1] el 22 de mayo de 2024, el Ministerio Público presentó ocho (8) pliegos acusatorios contra el Sr. Maldonado Cruz por infracciones al

---

[1] Apéndice del recurso, Anejo 5, págs. 15-17.

Artículo 285 del Código Penal (un pliego presentado el 30 de mayo de 2024), y por infracciones a los Artículos 6.08 y 6.22 de la Ley de Armas de 2020, y, los Artículos 401(a), 404 y 412 de la Ley de Sustancias Controladas (siete pliegos correspondientes presentados el 28 de mayo de 2024). El contenido de las acusaciones se expone como sigue:

1. **Acusación por el Código Penal, Artículo 285 Grave (2012)-Destrucción de prueba**:

   El referido acusado, DANIEL MALDONADO CRUZ, actuando en concierto y común acuerdo entre sí con JOSELYN GUZMÁN RIVERA, allá en o para el día 8 DE NOVIEMBRE DE 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento, ilegal, criminal y a sabiendas trató de "flochar" en el inodoro del baño del cuarto del dormitorio, una bolsa plástica transparente, tipo ziploc con líneas azul y violeta, conteniendo en su interior cuatro empaques plásticos transparentes sellados a calor, conteniendo cada uno de estos, en su interior polvo blanco granulado de cocaína, ya que era un objeto y prueba, que podía presentarse en procedimientos, vista y asunto judicial en su contra.

   Hecho contrario a la Ley. [2]

2. **Acusación por Ley 168, Artículo 6.08 Grave (2019)-Posesión de armas de fuego sin licencia**:

   El referido acusado, DANIEL MALDONADO CRUZ, actuando en concierto y común acuerdo entre sí con JOSELYN GUZMÁN RIVERA, allá en o para el día 8 DE NOVIEMBRE DE 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento a sabiendas, ilegal y criminalmente POSEÍA un arma de fuego, PISTOLA, MARCA GLOCK, MODELO 305, CALIBRE .45, COLOR NEGRA, SERIE VTV-846, sin tener una licencia para portar armas, bajo la Ley de Armas.

   Hechos contrarios a la Ley.[3]

3. **Primera acusación por Ley 168, Artículo 6.22 Grave (2019)-Fabricación, distribución, posesión y uso de municiones; importación de municiones**:

   El referido acusado, DANIEL MALDONADO CRUZ, actuando en concierto y común acuerdo entre sí con JOSELYN GUZMÁN RIVERA, allá en o para el día 8 DE NOVIEMBRE DE 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento, ilegal, criminalmente y a sabiendas,

---

[2] Apéndice del recurso, Anejo 6, págs. 021-022.
[3] Apéndice del recurso, Anejo 6, págs. 029-030.

POSEIA MUNICIONES (125 BALAS CALIBRE .45), sin tener una licencia para tales efectos.

Hechos contrarios a la Ley.[4]

4. **Segunda acusación por Ley 168, Artículo 6.22 Grave (2019)-Fabricación, distribución, posesión y uso de municiones; importación**:

El referido acusado, DANIEL MALDONADO CRUZ, actuando en concierto y común acuerdo entre sí con JOSELYN GUZMÁN RIVERA, allá en o para el día 8 DE NOVIEMBRE DE 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento, ilegal, criminalmente y a sabiendas, POSEIA MUNICIONES (35 BALAS CALIBRE .9MM), sin tener una licencia para tales efectos.

Hechos contrarios a la Ley.[5]

5. **Tercera acusación por Ley 168, Artículo 6.22 Grave (2019)-Fabricación, distribución, posesión y uso de municiones; importación**: El referido acusado, DANIEL MALDONADO CRUZ, allá en o para el día 8 DE NOVIEMBRE DE 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento, ilegal, criminalmente y a sabiendas, POSEIA MUNICIONES (UNA BALA CALIBRE 7.62), sin tener una licencia para tales efectos.

Hechos contrarios a la Ley. [6]

6. **Acusación por Ley 4, Artículo 4.01(a) Grave (1971)** (Posesión con intención de distribuir):

El referido acusado, DANIEL MALDONADO CRUZ, actuando en concierto y común acuerdo entre sí con JOSELYN GUZMÁN RIVERA, allá en o para el día 8 de noviembre de 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento, ilegal, voluntaria, maliciosa, criminal, a sabiendas y sin estar autorizado por ley para ello, POSEÍA CON LA INTENCION DE DISTRIBUIR, la sustancia controlada conocida por COCAINA (145 GRAMOS).

Hechos contrarios a la Ley. [7]

7. **Acusación por Ley el Artículo 404 A Grave (1971)** - **Ley de Sustancias Controladas-Posesión simple:**

El referido acusado, DANIEL MALDONADO CRUZ, allá en o para el día 8 DE NOVIEMBRE DE 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento, ilegal, voluntaria,

---

[4] Apéndice del recurso, Anejo 6, págs. 023-024.
[5] Apéndice del recurso, Anejo 6, págs. 025-026.
[6] Apéndice del recurso, Anejo 6, págs. 027-028.
[7] Apéndice del recurso, Anejo 6, págs. 035-036.

maliciosa, criminal, a propósito, con conocimiento, a sabiendas y sin estar autorizado por ley para ello, POSEÍA la sustancia controlada conocida por MARIHUANA.

Hechos contrarios a la Ley.[8]

8. **Acusación por el Artículo 4.12 Grave (1971)-(Ley de Sustancias Controladas-Parafernalia:**

El referido acusado, DANIEL MALDONADO CRUZ, actuando en concierto y común acuerdo entre sí con JOSELYN GUZMÁN RIVERA, allá en o para el día 8 de noviembre de 2023 en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Aibonito, a propósito, con conocimiento, ilegal, voluntaria, maliciosa, criminal, a propósito, con conocimiento, a sabiendas y sin estar autorizado por ley para ello, POSEÍA PARAFERNALIA relacionada con sustancias controladas. Consistente de UNA BALANZA DIGITAL, MARCA DIGITAL SCALE, UNA BALANZA DIGITAL MARCA SUPREME WEIGH Y UN SINNÚMERO DE BOLSITAS PLÁSTICAS TRASPARENTES; las cuales son utilizadas para procesar, empacar y guardar, sustancia controlada conocida.

Hechos contrarios a la Ley.[9]

El 4 de junio de 2024, se celebró la Vista de Lectura de Acusaciones; en esa fecha, la Defensa presentó el escrito titulado *Moción al amparo de la Regla 95 de Procedimiento Criminal y al Amparo del Debido Proceso de Ley*.[10] Luego, el 7 de junio de 2024, la Defensa, presentó una *Moción solicitando se expida orden para obtención de videos*[11], en la cual se solicitó lo siguiente:

1. […]

2. "[q]ue se expida a los siguientes dueños de los Comercios, para la obtención de Videos íntegros de sus cámaras de Seguridad de los eventos ocurridos durante todo el día del 13 de septiembre de 2023.

   (1) EL AZAFRAN BBQ
   Calle Pedro Rosario
   Aibonito, P.R. 07005(*sic*)

   (2) FUNERARIA VALENTÍN MEMORIAL AIBONITO
   8 Calle Pedro Rosario
   Aibonito, P.R. 00705

   (3) RIVERA BICYCLE CENTER
   Calle Pedro Rosario

---

[8] Apéndice del recurso, Anejos 033-034.
[9] Apéndice del recurso, Anejos 031-032.
[10] Apéndice del recurso, Anejo 7, págs. 38-39.
[11] Apéndice del recurso, Anejo 8, págs. 41-42.

Aibonito, P.R. 00705

3. Que la evidencia en dichos videos es fundamental para la defensa de la parte acusada del caso de autos.

4. Solicitamos [al Tribunal de Primera Instancia que] expida Orden dirigida a los dueños de los negocios antes mencionados para que entreguen copia de Videos de recopilados durante el día 13 de septiembre de 2023.

El 1 de julio de 2024, el Ministerio Público presentó su *Réplica a Moción Al Amparo de la Regla 94 de Procedimiento Criminal y al Debido Proceso de Ley y Solicitud de Regla 95-A*,[12] en la cual contestó lo solicitado por la Defensa en su *Moción al Amparo de la Regla 95 de Procedimiento Criminal*.[13]

Posteriormente, el 3 de septiembre de 2024, la defensa presentó una *Moción de Desestimación por Violación al Derecho Constitucional al Debido Proceso de Ley, Derecho a Preservar Evidencia Potencialmente Exculpatoria y por Violación al Artículo II, Sección 11 de la Constitución*.[14] El Ministerio Público presentó, el 23 de octubre de 2024, una *Moción en Oposición a Moción de Desestimación por Violación al Derecho Constitucional al Debido Proceso de Ley, Derecho a Preservar Evidencia Potencialmente Exculpatoria y por Violación al Artículo II, Sección 11 de la Constitución*.[15] El TPI emitió el 18 de noviembre de 2024 una *Resolución*[16], notificada el mismo día, mediante la cual declaró No Ha Lugar la moción de desestimación de la Defensa, con las siguientes determinaciones:

Tras evaluar la *Moción de desestimación por violación al derecho constitucional al debido proceso de ley, derecho a preservar evidencia potencialmente exculpatoria y por violación al [A]rtículo II, sección 11 de la [C]onstitución*, concluimos que el petitorio carece de mérito. Es decir, la controversia ante nuestra consideración emerge desde que el licenciado Aponte Colón presentó una *Moción solicitando entrega de evidencia exculpatoria*, la cual fue replicada por el Ministerio Público. Desde entonces, el Ministerio Público ha sido enfático en que ni ellos ni la policía han tenido bajo su poder los videos en cuestión. Entiéndase que no cabe hablar de que el Ministerio Público se ha negado a descubrir evidencia *exculpatoria* ni *potencialmente exculpatoria*. Sin

---

[12] Apéndice del recurso, Anejo 9, págs, 47-49.
[13] Apéndice del recurso, Anejo 7, págs. 38-39.
[14] Apéndice del recurso, Anejo 10, págs. 50-54.
[15] Apéndice del recurso, Anejo 11, págs, 56-60.
[16] Apéndice del recurso, Anejo 12, págs. 62-66.

embargo, aun si partiéramos de la premisa de que el Ministerio Público hubiese tenido bajo su poder los videos, pero no los preservó, **la solicitud de la defensa no esboza en qué medida los videos constituirían prueba exculpatoria, su importancia o alcance. Además, no se plantea mala fe ni negligencia por parte del estado. Por no estar ante un caso de violaciones constitucionales, toda vez que no se configura la negativa del estado de descubrir *evidencia exculpatoria* o *potencialmente exculpatoria* no procede desestimar.** (Énfasis nuestro.)[17]

La Defensa presentó el 11 de diciembre de 2024 una *Moción de Reconsideración*, notificada el 12 de diciembre de 2024, en la que solicitó la celebración de una vista *evidenciaría conforme a lo dictaminado en Pueblo v. Vélez Bonilla, supra*.[18]

El 26 de febrero de 2025, el Ministerio Público presentó una *Moción en Oposición a Moción de Reconsideración de Desestimación por Violación al Derecho Constitucional al Debido Proceso de Ley, Derecho a Preservar Evidencia Potencialmente Exculpatoria y por Violación al Artículo II, Sección 11 de la Constitución*.[19] El 26 de marzo de 2025, en corte abierta, el TPI declaró No Ha Lugar la petición de reconsideración presentada por la Defensa.[20]

Inconforme, el 25 de abril de 2025, el peticionario presentó el recurso de Certiorari ante nuestra consideración, en el cual expone el siguiente señalamiento de error:

Erró el Honorable Tribunal de Primera Instancia, al no concederle al acusado una vista evidenciaria en relación a evidencia potencialmente exculpatoria a tenor del caso normativo de Pueblo v. Vélez Bonilla.

El 7 de mayo de 2025 emitimos una *Resolución*, notificada el 8 de mayo de 2025, en la cual concedimos a la parte apelada, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador hasta el 19 de mayo de 2025 para expresar su posición en torno al recurso presentado.

Con el beneficio de los escritos de ambas partes, resolvemos.

---

[17] *Id.*, pág. 65.
[18] Apéndice del recurso, Anejo 13.
[19] Apéndice del recurso, Anejo 14.
[20] Apéndice del recurso, Anejo 15, págs. 86-87.

**II**

**A. El auto de *Certiorari***

El auto de *Certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Para determinar si procede la expedición de un auto de *certiorari*, la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R.40, dispone que debemos considerar lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida*[,] *así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79, 97 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184

DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B. Descubrimiento de Prueba**

En lo que respecta al descubrimiento de prueba, todo acusado de delito tiene derecho a ello, el cual va acorde con el derecho a presentar una defensa adecuada en un proceso criminal. *Pueblo v. Custodio Colon*, 192 DPR 567, 584(2015). En lo pertinente, la Regla 95 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 95 (Regla 95), atiende lo relacionado con este derecho. Particularmente, la Regla 95 dispone que un acusado tiene derecho a inspeccionar, copiar, o fotocopiar lo siguiente:

> (1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.
> (2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.
> (3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.
> (4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.
> (5) El récord de convicciones criminales previas del acusado.
> (6) Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado. *Pueblo v Custodio Colón*, *supra*, a la pág. 585, que cita a la Regla 95 de Procedimiento Criminal.

A parte de lo anterior, la Regla 95 le impone una obligación al Ministerio Público, **de descubrir cualquier evidencia exculpatoria** que tenga bajo su control. Regla 95. Véase, *Pueblo v. Custodio Colon*, *supra*. Cabe resaltar, que lo anterior es una excepción a la norma de que no existe como tal un derecho constitucional a descubrir prueba antes del juicio. *Id.*, a la pág. 588, que cita a *Pueblo v. Arzuaga*, 160 DPR 520, 534-535 (2003). Por lo tanto, para activar la cláusula constitucional del

debido proceso de ley, debe tratarse de "evidencia en posesión del Ministerio Público **que sea relevante a la inocencia o el castigo del acusado**." (Énfasis nuestro.) *Id.*, que cita a *Pueblo v. Arzuaga*, 160 DPR, a las págs. 536-537.

Asimismo, en *Pueblo v. Vélez Bonilla*, 189 DPR 705, a las págs. 718-719, se sostiene que "como parte del deber de descubrir, el Estado está obligado a preservar y **entregar a la defensa toda evidencia exculpatoria** que conozca o que recopile durante o con posterioridad al proceso investigativo", que "[e]s más bien toda evidencia que llanamente pudiera favorecer al acusado, sin consideraciones en torno a su materialidad o confiabilidad [y] su materialidad — cuánto aporta en favor del acusado— son un asunto que corresponde evaluar al foro de instancia." (Énfasis nuestro.)

**III**

El peticionario señaló en su *Petición de certiorari* que el TPI se equivocó al no concederle al acusado una vista evidenciaria en relación a evidencia potencialmente exculpatoria a tenor del caso normativo de *Pueblo v. Vélez Bonilla*, *supra*. Reclama que debe tener a su disposición aquella prueba que lo pueda exonerar, disminuir el grado del delito o que le permita contrainterrogar e impugnar a los testigos del Estado. Insiste en que debe celebrarse una vista evidenciaria sobre su reclamo.

En el presente recurso, nos corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, debemos o no expedir el auto de *certiorari*. Evaluada la resolución recurrida, esta no cumple con los criterios antes esbozados de la Regla 40. No vemos que, en el manejo del caso ante el TPI, que se incurrió en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el TPI se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en

esta temprana etapa, evitaría un perjuicio sustancial contra el peticionario, por lo que no se justifica nuestra intervención.

**IV**

Por los fundamentos anteriormente expuestos y que hacemos formar parte de este dictamen, se deniega la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones